ANNE G. E. HOWARD and HARRY S. HOWARD, Plaintiffs Below, Appellants, v. FOOD FAIR STORES, NEW CASTLE, INC., a Delaware corporation, Defendant Below, Appellee.

(*June* 2, 1964.)

TERRY, *C.* J., WOLCOTT and CAREY, J. J., sitting.

*Daniel L. Herrmann* and *Samuel R. Russell* (of Herrmann, Bayard, Brill and Russell) for appellants.

*Harold Leshem* and *Harvey Bernard Rubenstein* (of Leshem and Rubenstein) for appellee.

Supreme Court of the State of Delaware, No. 13, 1964.

WOLCOTT, Justice.

This is an appeal from a summary judgment entered on motion of the defendant. The plaintiffs, husband and wife, appeal.

The action is one for personal injuries resulting from a fall by Mrs. Howard, the plaintiff-wife, in the defendant's store. We state the facts as they appear from the depositions on which the motion for summary judgment was based.

On Monday, July 30, 1962, at approximately 12 noon, Mrs. Howard entered the defendant's store located in the Continental Shopping Center in Wilmington Manor. She

entered the store and walked toward the rear down the right-hand aisle for the purpose of purchasing some cheese, the counter for which is located in the rear.

As she walked down this aisle her attention was called to the displays of produce on the shelves lining the aisle. She looked ahead of her along the aisle sufficiently only to notice that the aisle was apparently clear. As she neared the rear of the store both feet flew out from under her and she fell heavily, breaking her hip.

At the time no one was around, neither customers nor employees of the defendant. She called for help but remained seated in great pain on the floor for approximately 10 or 15 minutes before anyone came to her assistance.

During the time she was seated on the floor with one leg stretched out in front of her and the other leg tucked under her, she looked around and noticed that she was sitting in the middle of what appeared to be grease marks. These marks were black, one inch wide, parallel with each other and covered an area of approximately two feet by five feet. They appeared to Mrs. Howard as having been caused by the wheels of carts. In addition, as she was sitting on the floor she noticed that her dress became wet, apparently from water on the floor on which she was sitting.

One of the ambulance attendants who finally came to transport Mrs. Howard to the hospital testified that when he helped lift her to the stretcher he noticed black marks on the floor in the area where Mrs. Howard was sitting. On the day following Mrs. Howard's fall one of her then attorneys visited the defendant's store and observed that there were still black marks on the floor in the area which had apparently been made by carts used by defendant

since the distance between the parallel marks was roughly equivalent to the distance between the wheels of a cart. In his opinion, further, the marks caused the floor to be slick and slippery.

The deposition of an employee of the defendant was taken whose duty it was to clean the floor of the store. It appears that generally he reports for work every morning except Sundays at 8 a. m. and leaves around 12 or 12:30 p. m. On the day in question he had already left the store before Mrs. Howard arrived and subsequently fell.

From his testimony it appears that on a Monday the store floor is particularly dirty by reason of the traffic from the previous Saturday and that, ordinarily, it takes him about the whole morning to complete his cleaning duties.

He testified that on the day in question he performed his usual duties of sweeping and mopping the floor and had completed his work about 9:30 a. m. Thereafter, in the course of his duties he had occasion to walk back and forth through the store and to keep the aisles free and the floor clean. He testified specifically that in the course of his duties on this particular morning he had occasion to pass the spot where Mrs. Howard fell about 15 or 20 minutes prior to her fall and found that the floor was clean and there was "nothing laying around there."

On this showing the trial court entered summary judgment for the defendant on the authority of *Wilson v. Derrickson*, Del., 175 A.2d 400. In this appeal plaintiffs argue that the entry of summary judgment for the defendant was improper because there is in existence a genuine issue of material fact as to the negligence of the defendant.

■ ■ A defendant, particularly in a negligence action, moving for summary judgment in its favor must bear the burden as the moving party of producing evidence of necessary certitude demonstrating that there is no genuine issue of fact relating to the question of negligence and that the proven facts preclude the conclusion of negligence on its part. Such a moving defendant has the burden of negating the plaintiff's claim and only when that burden has been discharged does the burden shift to the plaintiff to come forward with further evidence to demonstrate that there is a genuine issue of material fact upon the question of negligence. *Ebersole v. Lowengrub,* Del., 180 A.2d 467.

In the final analysis the question before us is whether or not on this record there is an issue to be determined by the jury as to the question of the defendant's negligence. If, under the circumstances shown, such an issue exists, then summary judgment can be entered for neither side.

■ ■ The defendant as a storekeeper owes a duty to the public to see that those portions of its premises ordinarily used by its customers are kept in a reasonably safe condition for their use. In the performance of this duty a storekeeper is charged with responsibility for injuries which are caused only by defects or conditions of which the storekeeper had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary. *Robelen Piano Co. v. Di Fonzo,* 3 Storey 346, 169 A.2d 240, and *Wilson v. Derrickson,* supra.

■ In an action for personal injuries resulting from a storekeeper's breach of that duty, the plaintiff must show that there was a condition in the defendant's store of a dangerous or defective nature; that that con-

dition caused the injuries complained of, and that the condition or defect causing the injury was placed there by the defendant or its employees, or was permitted to remain after notice of its existence had come or should have come to the attention of the defendant, or its employees. Conversely, to support a motion for summary judgment the defendant must offer proof negating that showing.

We think this defendant has failed to negate the plaintiff's claim of injury by this record for it permits a reasonable inference that the plaintiff slipped and fell by reason of a slippery condition on the floor of the defendant's premises. Precisely what this condition was is not shown but there is in the record sufficient to permit a conclusion that it was of a greasy nature, probably deposited on the floor by the carts used by the defendant in the operation of its business.

Accepting the testimony of Mrs. Howard which is not seriously challenged, it appears that the grease-like substance on the floor was there in conjunction with water which obviously would have increased the slippery nature of the area. This, at least, is an inference justifiably to be drawn from her testimony. Furthermore the uncontested fact that she fell because both feet slipped out from under her, it seems to us, warrants the conclusion that such fall was caused solely by a slippery condition on the floor.

We think, therefore, with respect to the cause of her fall, her testimony would warrant the conclusion that it was caused by a condition on the floor of the defendant's store consisting of grease and water in conjunction. Therefore, as to the cause of her fall there is certainly a genuine issue of fact, assuming its denial by the defendant, which upon trial would be submitted to the jury for

its determination.

■ Admittedly, there is nothing in this record which demonstrates that the defendant or its employee, accidentally or negligently, caused this condition to exist in the first place. From the testimony of the defendant's porter, however, it appears that approximately 15 minutes before Mrs. Howard's fall he had inspected the area and found it free of any foreign substance. It appears, also, at least from Mrs. Howard's testimony, that there was no one in and about this area at the time the fall took place. As a matter of fact, it was some 15 minutes after the fall that Mrs. Howard's cries brought anyone to her assistance. Thus it is, we think, that an issue of fact has been created as to whether or not, irrespective of the cause of this substance on the floor, the defendant's employee should have observed the condition prior to the time of Mrs. Howard's fall. Since there is such an issue of fact, it can be resolved only by a jury finding.

Accordingly, we think the defendant in this case has failed to discharge the burden placed upon it to demonstrate with certitude not only that there is no issue of fact with respect to its negligence existing in the case, but that from all of the facts the conclusion that it was not negligent is as justified as is the conclusion that it was. If such turns out to be the case upon trial, then it would follow that the plaintiff would fail to establish a *prima facie* case of negligence. *Ciociola v. Delaware Coca-Cola Bottling Co.*, 3 Storey 477, 172 A.2d 252.

The grant of summary judgment for the defendant was made by the trial judge upon the authority of *Wilson v. Derrickson*, supra. That case, however, is not authority for his action in this case. In the first place, the point arose in the Wilson case after trial upon a motion for a directed verdict and it appeared not only that the plain-

tiff did not know precisely what it was that caused her to fall but, also, that there was a complete failure of proof to connect any action of the defendant with the condition, whatever it was, which caused her to fall. Nor was there any evidence at all that in the usual course of inspection or business, the defendant was put on notice or should have been put on notice of the existence of the slippery condition on the floor.

It may be that upon trial of the case before us a similar situation will result. That, however, remains to be demonstrated. However, upon a motion for summary judgment by a defendant it is necessary for the defendant to demonstrate that such necessarily will be the result. This, the defendant has failed to do in the case before us.

One final point along this line remains. On cross-examination by Mrs. Howard it appeared that while she was being assisted by employees of the defendant one of them pointed out to her that there was a cigarette butt on the floor in the vicinity and that this possibly caused her to slip. Mrs. Howard's response to this suggestion was, "I don't know." The trial judge put some emphasis upon this answer and concluded from it that in reality Mrs. Howard did not know why she fell. We think this an erroneous construction of her testimony. The fair purport of her deposition is that she knew she slipped and fell by reason of a dirty or slippery condition on the floor. As a matter of fact, it seems quite obvious to us that a single cigarette butt on the floor would not have caused both her feet to slip out from under her in a forward direction.

As a matter of fact, the presence of a cigarette butt on the floor in the area where she fell would seem to throw doubt on the accuracy of the testimony of defendant's porter who testified he had observed the area and that

it was clean.

One final point remains. Defendant argues that irrespective of its negligence, Mrs. Howard, herself, was clearly guilty of contributory negligence and thus is precluded from asserting this claim. The argument is that Mrs. Howard admits that as she approached the place where she fell her vision was unobstructed, the lighting was good, she was pushing no cart in front of her, and there was no obstacle to her view. For these reasons it is argued that she failed to keep a proper lookout and was thus negligent which bars her action.

We do not agree that, as a matter of law, she is to be charged with contributory negligence for the following reasons.

██ ██ A customer coming into a store has the right to assume that the floor is suitable and safe to walk upon, and is free from obstacles and defects which might cause a fall. Annotation, 63 A.L.R.2d 673. Furthermore, it appears that a customer walking along an aisle of a store glancing at shelves displaying merchandise lining the aisle may be excused from keeping a constant lookout on the floor to observe a dangerous condition, particularly in view of the customer's right to assume a safe condition on the floor. See *Bickley v. Sears, Roebuck & Co.*, 62 Ohio App. 180, 23 N.E.2d 505; *Isaac Benesch & Sons v. Ferkler*, 153 Md. 680, 139 A. 557.

██ We regard the question of Mrs. Howard's contributory negligence as one to be submitted to the jury under the circumstances, as was our view with respect to the issue of contributory negligence of the plaintiff in the Robelen Piano Co. case.

██ There being therefore genuine issues of ma-

terial fact with respect to the negligence of the defendant and of the proximate cause of the plaintiff's injuries, we think it was improper for the court below to have entered summary judgment in favor of the defendant.

For the foregoing reasons, therefore, the judgment below is reversed and the cause remanded for further proceedings.