Robert COLLINS, Elizabeth Ann Collins, Plaintiffs Below, Appellants,

v.

F. W. WOOLWORTH CO., a New York corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

Aug. 8, 1972.

N. Maxson Terry, Jr., of Terry & Terry, Dover, for plaintiffs below, appellants.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for defendant below, appellee.

Before CAREY and HERRMANN, JJ., and SHORT, Vice Chancellor.

PER CURIAM.

In this slip-and-fall negligence case, the Superior Court granted the defendant's motion for summary judgment.

Both the plaintiff and her husband testified on deposition that the floor of the defendant's store was slippery because of excess waxing and polishing which caused plaintiff to fall. The defendant's case on summary judgment purported to negate those contentions by the testimony of the defendant's maintenance personnel as to their routine procedures and methods in waxing and polishing the floors.

In granting summary judgment to the defendant, the Superior Court stated:

"It is axiomatic that no presumption of negligence arises from the mere fact that an accident has occurred. The burden is upon the plaintiff to affirmatively prove negligence on the part of the defendant and that such negligence was the proximate cause of the injury.

"A polished floor is not dangerous per se. The defendant as a storekeeper was required by law to keep the premises in a reasonably safe condition for the use of their customers. Plaintiff must prove an unsafe condition caused the accident and that such unsafe condition was either created by, known to, or should have been known to the defendant.

"Based upon the record before the Court, it is unable to say that these facts have been established either by direct or circumstantial evidence.

"Defendant relies principally upon the case of Howard vs. Food Fair Stores, [Del.,] 201 A.2nd 638. This Court pre-

fers the reasoning set forth in Wilson vs. Derrickson, [Del.,] 175 A.2nd 400. The two cases are readily distinguished and the facts in the Wilson case more closely resemble those of the instant case."

The Superior Court erred as to the burden of proof. The case is controlled by Howard v. Food Fair Stores, Del.Supr., 201 A.2d 638 (1964), a summary judgment situation, rather than Wilson v. Derrickson, Del.Supr., 175 A.2d 400 (1961), a directed verdict situation.

■ Under *Howard*, the defendant was not entitled to summary judgment unless and until, as the moving party, it had produced:

"* * * evidence of necessary certitude demonstrating that there is no genuine issue of fact relating to the question of negligence and that the proven facts preclude the conclusion of negligence on its part. Such a moving party has the burden of negating the plaintiff's claim and only when that burden has been discharged does the burden shift to the plaintiff to come forward with further evidence to demonstrate that there is a genuine issue of material fact upon the question of negligence."

■ It is our opinion that the defendant in the instant case has failed to meet the test imposed upon it by *Howard*: it has failed to negate, with the necessary certitude, the plaintiff's claim because the record at this stage permits the reasonable inference that the plaintiff slipped and fell by reason of excess wax and the resultant slippery condition of the defendant's floor; consequently, the defendant has failed to demonstrate, sufficiently to support its motion for summary judgment, that the plaintiff must necessarily fail at trial.

Accordingly, the judgment below must be reversed and the cause remanded for further action not inconsistent herewith.