NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1133
_____

ANN CORRADO; AUGUSTINE CORRADO, HUSBAND AND WIFE,

Appellants

v.

SUPER FRESH FOOD MARKET, INC.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-01905)
District Judge:  Honorable Jan E. Dubois
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2010
_____

Before:  MCKEE, Chief Judge, AMBRO, and CHAGARES, Circuit Judges

(Opinion filed:  September 30, 2010)
_____

OPINION
_____

AMBRO, Circuit Judge

Ann and Augustine Corrado appeal the District Court's grant of Super Fresh Food

Markets' ("Super Fresh") motion for summary judgment on their negligence claim.

Specifically, they challenge the Court's conclusion that Super Fresh did not have constructive notice that one or more blueberries fell to the floor of its grocery store, causing Ann Corrado to slip and fall. For the reasons set forth below, we affirm.

## I. Background

In July 2006, the Corrados stopped at a grocery store owned by Super Fresh. They were en route to their son's house for dinner and had decided to purchase a fruit bowl to bring with them. Ann Corrado entered the store and proceeded to the produce section. After making her selection, she walked back through the produce section toward the checkout counter, where she slipped and fell backwards after stepping on a blueberry, injuring her left knee. The fall occurred within five feet of a display of blueberries in plastic "clamshell" packaging.

In April 2008, the Corrados filed a complaint against Super Fresh in the Eastern District of Pennsylvania. After the parties completed discovery, Super Fresh filed a motion for summary judgment. The District Court granted Super Fresh's motion. It held that the Corrados had failed to show sufficient evidence that Super Fresh had actual or constructive notice of the presence of blueberries on the floor of the produce department and thereby breached its duty of care. The Corrados filed a timely notice of appeal. We agree with the District Court, and thus affirm.

## II. Jurisdiction

The District Court had diversity jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

We review the decision to grant a motion for summary judgment *de novo*, reading

all facts in the light most favorable to the non-moving party. *Facenda v. N.F.L. Films*, 542 F.3d 1007, 1013 (3d Cir. 2008).

Although the Corrados brought suit in the Eastern District of Pennsylvania, we apply Delaware law to this case.[1]

### III.  Discussion

Super Fresh argues that the Corrados have failed to make a *prima facie* case for negligence because they presented no evidence that Super Fresh had actual or constructive notice that a dangerous condition existed on store premises.  We agree.

To prevail on a negligence claim under Delaware law, the Corrados must prove that (1) Super Fresh owed them a duty of care, (2) it breached that duty, and (3) Ann Corrado's injury was caused by the breach.  *Halchuck v. Williams,* 635 F. Supp. 2d 344, 346 (D. Del. 2009).  Super Fresh is responsible for only those injuries caused by "defects or conditions of which [it] had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary."  *Howard v. Food Fair Stores, New Castle, Inc.*, 57 Del. 471, 476 (1964).

The crux of the dispute between the parties is whether the Corrados have

---

[1] As the District Court noted, federal courts exercising diversity jurisdiction must apply the conflicts-of-law rules of the forum state.  *See On Air Entm't Corp. v. Nat'l Indem. Co.,* 210 F.3d 146, 149 (3d Cir. 2000).  Under Pennsylvania conflicts-of-law rules, we must consider, as a threshold inquiry, whether an "actual or real conflict [exists] between the potentially applicable laws."  *Powers v. Lycoming Engines,* 328 F. App'x 121, 125 (3d Cir. 2009).  The District Court determined that, because several factors weighed in favor of applying Delaware law and the parties both argued for the same, Delaware law should apply.  Neither party contested the application of Delaware law on appeal and we find no fault with the reasoning of the District Court.

3

presented "more than a scintilla" of evidence that Super Fresh had constructive notice

that blueberries were on the floor of the produce department. *See Saldana v. Kmart*

*Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).[2]

First, the Corrados argue that they have presented sufficient evidence that Super

Fresh had constructive notice of the existence of blueberries on the produce section floor.

We disagree. As the District Court pointed out, there is no evidence in the record of

when the blueberries fell on the floor. There is also no evidence of prior falls caused by

slipping on fallen produce. Indeed, the Corrados have failed to introduce any evidence,

other than Ann Corrado's fall itself, to indicate that Super Fresh's policy requiring clerks

to make continuous, ongoing inspections of the produce floor was ineffective at keeping

the store reasonably safe. We agree with the District Court that this does not meet the

"more than a scintilla" standard forth in *Saldana*, 260 F.3d at 232.

Second, the Corrados argue that the existence of fruit on the produce floor is a

"recurring or common" occurrence and thus, under *Hazel v. Delaware*, 953 A.2d 705

(Del. 2008), Super Fresh should be presumed to have had notice of the fallen blueberries.

Again, we disagree.

In *Hazel*, Janice Hazel slipped and fell in the frozen food aisle of a grocery store.

*Id.* at 707. She identified two possible sources of the water that allegedly caused her to

fall: (1) frost on a wooden pallet containing frozen food near the spot where she fell, and

---

[2] The Corrados do not contend that Super Fresh had actual notice of the fallen
blueberries. It does not dispute that the Corrados have presented sufficient evidence that
Ann Corrado's fall resulted from stepping on one or more blueberries in the produce
department and that her injury was caused by her fall.

(2) condensation from ice cream that a clerk was stocking into the store freezers after having brought the ice cream from the back of the store and through the aisle in a shopping cart. *Id.* Based on this evidence, the Court held that Hazel made a sufficient showing that the defendant grocery store should have been aware that there was water on the aisle floor. *Id.* at 710-11. It cited two cases to support the proposition that the spilling of water on the floor during frozen food deliveries and restocking was a "recurring incident or common occurrence." *Id.* at 711 n.11 (citing *Barrett v. Red Food Stores,* No. 01-A-019108CV00302, 1992 WL 33891 (Tenn. Ct. App. Feb. 26, 1992); *Ruppel v. Kroger Co.*, No. Civ. A. 3:99CV00115, 2000 WL 33232321 (W.D. Va. Dec. 20, 2000)). The *Hazel* court reasoned that, because both activities had occurred just prior to Hazel's accident and both were known by the store to cause slippery conditions, she had shown sufficient evidence for a reasonable jury to conclude that the grocery store was negligent in failing to take precautions to protect customers from injury. *Id.* at 711.

The District Court here was correct in distinguishing *Hazel*. The Corrados have not submitted any evidence that some event known by Super Fresh to cause fruit to fall had occurred prior to her injury. *See Hazel*, 953 A.2d at 711. All that occurred prior to Ann Corrado's fall was her own journey through the produce section to reach the fruit bowls. No evidence shows that the passage of customers through the produce section regularly caused fruit to fall to the floor. Thus, the Corrados are not entitled to a presumption that Super Fresh had notice of the fallen blueberries.

Because the Corrados have failed to present sufficient evidence that Super Fresh had actual or constructive notice that blueberries had fallen to the floor of the produce

5

section, we hold that the District Court did not err in granting summary judgment in favor of Super Fresh.

* * * * *

For the reasons stated above, we affirm the judgment of the District Court.

6