**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| Shirler Louis | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. N13C-02-240 FWW |
| | : | |
| Christiana Care Health Services, Inc. | : | |
| | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**Upon Defendant Christiana Care Health Services, Inc.'s Motion to Dismiss:
GRANTED**

Submitted: May 2, 2014
Decided: June 30, 2014

James R. Leonard, Esquire, Roeberg, Moore & Friedman, P.A., 910 Gilpin Avenue, Wilmington, DE; Attorney for Plaintiff.

Stephen J. Milewski, Esquire, White & Williams, LLP, 824 North Market Street, Suite 902, Wilmington, DE; Attorney for Defendant Christiana Care Health Services, Inc.

**WHARTON, J.**

# I.    INTRODUCTION

Before the Court is defendant Christiana Care Health Services, Inc.'s ("CCHS") Motion to Dismiss, filed on March 28, 2014.  The Court heard oral argument on the motion on June 24, 2014, after which, for the reasons more fully explained below, the motion was **GRANTED.**

# II.    PROCEDURAL CONTEXT

On February 27, 2013, Plaintiff filed a Complaint[1] stemming from injuries allegedly sustained on March 1, 2011, at Wilmington Hospital.[2]  Plaintiff alleges he entered one of the elevators on the property and "upon exiting the elevator, on the second floor, the elevator doors suddenly and without warning closed upon [Plaintiff], striking him on the left side of his head and body."[3]  On March 28, 2014, Defendant filed its Motion for Summary Judgment pursuant to Super. Ct. R. Civ. P. 56.  On May 2, 2014, Plaintiff filed his response in opposition.  Oral argument was held on June 24, 2014.

# III.    **PARTIES' CONTENTIONS**

CCHS contends that because Plaintiff has not produced any evidence, either through an expert or a layperson, showing a defect or maintenance problem with the elevator that allegedly caused his injuries, Plaintiff is unable to establish a *prima facie* claim for negligence.[4]  CCHS

---

[1] Complaint (Trans. Id. 49832162).
[2] *Id.* 1.
[3] *Id.* 2.
[4] Def.'s Mot. Summ. J. 2-3.

argues that Plaintiff has failed to make the requisite showing that it had constructive or actual notice of any defect, hazard or problem with the elevator at the time of the event.[5]

Defendant has provided the Court with CCHS's elevator maintenance ledger.[6] On February 25, 2011, approximately one week before the alleged incident, the ledger was documented with "routine maintenance."[7] The ledger is free of any evidence of issues with the elevator within a week of the incident.[8] On March 7, 2011, six days after the alleged incident took place; the ledger identifies an issue with a button on the elevator.[9] The elevator was taken out of service until the issue was resolved.[10] On March 23, 2011, the ledger includes another entry for "routine maintenance."[11]

In his response, Plaintiff does not controvert the evidence produced by CCHS. Instead, he contends that "there is no other known eyewitness to this event, but there is no evidence that Plaintiff was injured by some instrumentality other than the closing door, which could strike him only if he was in the plane of its movement."[12] Plaintiff argues that the doctrine of *res ipsa loquitor* allows the Court to infer negligence because:

> 1. Defendant or its agents had full management and control of the elevator and its automated doors;
>
> 2. The circumstances as established by Plaintiff's testimony are such that in accordance with common knowledge and everyday experience, the incident would not have occurred if those having control of the

---

[5] *Id.*

[6] Def.'s Mot. Summ. J., Exh. C.

[7] Def.'s Mot. Summ. J. 3.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. 1-2. ("Pl.'s Resp. in Opp.") (Trans. Id. 55388770).

automated doors had not been
negligent; and

3. Plaintiff's injury resulted from the
   incident.[13]

## IV. STANDARD OF REVIEW

Summary judgment is appropriate where the record exhibits no genuine issue of material
fact so that the movant is entitled to judgment as a matter of law.[14] "Summary judgment may
not be granted if the record indicates that a material fact is in dispute, or if it seems desirable to
inquire more thoroughly into the facts in order to clarify the application of the law to the
circumstances."[15] The movant bears the initial burden of establishing that no genuine issue of
material fact exists.[16] Upon making that showing, the burden shifts to the non-movant to show
evidence to the contrary.[17] When considering a motion for summary judgment, the Court
considers the facts in the light most favourable to the non-movant.[18]

## V. DISCUSSION

Owners and occupiers of commercial property have a duty to maintain their premises in a
reasonably safe condition for their customers, who qualify as business invitees under Delaware's
premises liability common law.[19] In a personal injury action, the plaintiff bears the burden of
proving that: (1) there was an unsafe condition on the defendant's premises; (2) the unsafe

---

[13] Pl.'s Resp. in Opp. 2.
[14] *Tedesco v. Harris*, 2006 WL 1817086 (Del. Super. June 15, 2006).
[15] *Id.*
[16] *Ebersole v. Lowengrub*, 54 Del. 463 (Del. 1962).
[17] *Id.*
[18] *Tedesco*, 2006 WL 1817086, at *1.
[19] *DiOssi v. Maroney*, 548 A.2d 1361, 1366-67 (Del. 1988); *Howard v. Food Fair Stores, New Castle, Inc.*, 201 A.2d 638, 640 (Del. 1964).

condition caused the plaintiff's injuries; and (3) *the defendant had notice of the unsafe condition or should have discovered it by reason of inspection.*[20]

Delaware Rule of Evidence 304, states, in pertinent part, that the doctrine of *res ipsa loquitor* ". . . is a rule of circumstantial evidence, not affecting the burden of proof, which permits, but does not require, the trier of fact to draw an inference of negligence from the happening of an accident under [the] circumstances . . . [listed below:]"[21]

1. The accident must be such as, in the ordinary course of events, does not happen if those who have management and control use proper care; and

2. The facts are such as to warrant an inference of negligence of such force as to call for an explanation or rebuttal from the defendant; and

3. The thing or instrumentality which caused the injury must have been under the management or control (not necessarily exclusive) of the defendant or his servants at the time the negligence likely occurred; and

4. Where the injured person participated in the events leading up to the accident, the evidence must exclude his own conduct as a responsible cause.[22]

Of the four requirements for the doctrine to be applicable, the Court finds that Plaintiff satisfies only one - that CCHS had full management and control of its elevators. Plaintiff has not offered evidence to show that the accident was one which would not have happened if CCHS had

---

[20] *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 709 (Del. 2008) (emphasis added).
[21] DRE 304(a)(1).
[22] DRE 304(b)(1-4).

used proper care. The facts do not warrant an inference of negligence on CCHS' part, nor do they exclude Plaintiff's conduct as a responsible cause of his injury.

CCHS clearly used proper care in employing an elevator service company to regularly service and maintain the elevator. The service logs, including those preceding and following the accident, do not show any maintenance issue that would put CCHS on notice that the elevator's doors would suddenly and without warning shut on Plaintiff. Moreover, Plaintiff has not explained what additional steps CCHS should have taken prior to the accident to have prevented it.

Similarly, the evidence presented to the Court suggests that the accident alleged here was a one-off event. Plaintiff did not have an expert inspect the elevator after the incident in order to detect a mechanical malfunction, nor was he able to locate any lay witnesses to this incident or to any other similar incidents so as to warrant an inference of negligence on CCHS' part.

Plaintiff has failed to establish the fourth element – where the injured person participated in the events leading up to the accident, *the evidence must exclude his own conduct as a responsible cause*. In *Ciociola v. Del. Coca-Cola Bottling Co.*,[23] the Delaware Supreme Court held that in order to invoke the doctrine, "it is necessary that the conclusion of negligence be the *only* inference possible from the admitted circumstances."[24] An inference that a defective elevator on CCHS's premises was the cause of Plaintiff's injuries is not the only inference possible under the circumstances. For example, Plaintiff may have been inattentive and either negligently allowed the doors to close on him or walked into them.

---

[23] 172 A.2d 252 (Del. 1961).
[24] *Id.* at 257 (emphasis added).

In *Himbrick v. Dover*,[25] a similar case, the Court held that, despite plaintiff's arm becoming stuck in a malfunctioning elevator door, the defendant did not have notice of a dangerous condition on the property (the elevator's defective door), and, thus, was not liable.[26] The Court further held that because the doctrine of *res ipsa loquitor* did not apply to the factual circumstances of the case, the plaintiff could not establish a *prima facie* claim for negligence.[27] As in this case, the defendant had its elevator serviced on a routine basis.[28] Additionally, there were no prior incidents reported with respect to the elevator.[29]

The Court explained that . . . "under general principles of negligence rooted in premises liability, ***Defendants will be liable only if they were aware of a condition on the property that could have caused the elevator door to malfunction***, or if they failed to exercise reasonable care that would have led to the discovery of such a condition."[30] The Court further observed that . . . "[t]he record, however, does not reflect any evidence that there was notice of a possible door malfunction … Moreover, there were no prior incidents involving door malfunctions."[31] Lastly, there was no evidence that the inspection of the elevator in *Himbrick* was deficient.[32]

In order for the Court to dismiss this action, CCHS must show that there are no facts or inferences from which a finding of negligence could be based. CCHS has met this standard. It took reasonable care to discover any potential defects in the elevator by employing an elevator service company. The elevator's maintenance log establishes that CCHS had no actual or constructive knowledge of a malfunctioning elevator. There are no eyewitnesses. An expert has

---

[25] 2012 WL 1980425, at *1 (Del. Super. May 1, 2012).
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.* at 2 (emphasis added).
[31] *Id.*
[32] *Id.*

not been identified to establish that a defective condition, if in fact one existed, was a dangerous or defective condition that could be a hazard to CCHS's business invitees and was one of which CCHS had either actual or constructive notice. Finally, the Plaintiff has not met the requirements of DRE 304 so as to infer negligence under the doctrine of *res ipsa loquitor.*

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
**/s/Ferris W. Wharton, Judge**