# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

BENITA L. WRIGHT,         )
                                 )

      Plaintiff,           )      C.A. No. N12C-04-160 CLS
                                 )

                                 )

      v.                    )
                                 )

ADAMS MARKET, LLC, d/b/a the  )
FRESH GROCER, a limited liability  )
Company                     )
                                 )

      Defendant.          )

Date Submitted: December 1, 2014
Date Decided: March 2, 2015

On Defendant's Motion for Summary Judgment as to Plaintiffs' Claim for General and Special Damages. **GRANTED.**

## ORDER

Nicholas G. Kondraschow, Esq. and William J. Rhodunda, Jr., Esq., 1220 N. Market Street, Suite 700, Wilmington, Delaware 19801. Attorneys for Defendant.

Benita L. Wright, *pro se* Plaintiff.

**Scott, J.**

## Introduction

Before the Court is Defendant Adams Market, LLC's ("Defendant") Motion for Summary Judgment. The Court has reviewed the parties' submissions. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED.**

## Factual Background

On April 17, 2012, Plaintiff Benita L. Wright ("Plaintiff") filed this action against Defendant alleging personal injuries sustained by Plaintiff as a business invitee at Defendant's place of business, Adams Market.[1] The complaint stated that on August 7, 2010, Plaintiff slipped and fell on a wet floor at Adams Market, suffering serious and permanent injuries.[2]

This Court entered a Scheduling Order dated August 13, 2013, establishing the following critical deadlines: (1) Plaintiff's Expert Report – January 28, 2014; Discovery Cut-Off – April 30, 2014; Pretrial Conference – October 15, 2014; and (4) Trial – November 17, 2014.

Plaintiff's counsel's motion to withdraw was granted on May 19, 2014. Defendant declined Plaintiff's request for mediation, made approximately one week prior to the pre-trial conference. Plaintiff did not appear for the pre-trial conference held on October 15, 2014. By letter filed

---

[1] *See* Complaint at ¶ 4.
[2] *Id.*

on October 15, 2014, Defendant requested the Court dismiss Plaintiff's case due to Plaintiff's continued failure to prosecute.

On October 24, 2014, Defendant moved for summary judgment. Plaintiff did not appear for the trial scheduled for November 17, 2014. Plaintiff filed her response to Defendant's motion for summary judgment on November 25, 2014. Defendant filed its reply on December 1, 2014.

## Parties' Contentions

Defendant asserts that there is no genuine issue of material fact in dispute due to Plaintiff's failure to prosecute her claim. As a result, Defendant contends that there is no record evidence to support a negligence claim.

In her response, Plaintiff asserts only that Defendant has refused both of her requests for mediation, and that she has suffered a back injury that continues to cause her pain as a result of falling in Defendant's store.

## Standard of Review

Summary judgment is appropriate where the record indicates there are no genuine issues of material fact and where, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.[3] The moving party has the burden of proof to

_____

[3] Del. Super. Ct. Civ. R. 56(c)

show there are no genuine issues of material fact.[4]  If the moving party meets that burden, summary judgment is warranted unless the non-moving party then proves the existence of a genuine issue of material fact.[5]

## Discussion

Negligence is not presumed.[6]  Summary judgment should be granted if the plaintiff cannot establish the elements for her negligence claim.[7]  In an action for negligence in Delaware, the plaintiff bears the burden to demonstrate that (1) that there was an unsafe condition on the defendant's property, (2) which caused the plaintiff's injuries, and (3) of which the property owner had actual notice or which would have been discovered by such reasonable inspection as other reasonably prudent property owners would regard as necessary.[8]

Superior Court Civil Rule 41(b) states that a cause of action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these Rules, or any order of the Court, a defendant may move for dismissal of an

---

[4] *Charlton v. Wal-Mart Stores, Inc.*, 2008 WL 5206775, at *1 (Del. Super. Nov. 25, 2008).
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[6] *Smith v. Daimler Chrysler Corp.*, 2002 WL 31814534, at *5 (Del. Super. Nov. 20, 2002).
[7] *Morris v. Theta Vest, Inc.*, 2009 WL 693253, at *1 (Del. Super. Mar. 10, 2009).
[8] *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 709 (Del. 2008) (citing *Howard v. Food Stores, Inc.*, 201 A.2d 638, 640 (Del. 1964) (international quotations omitted).

action or of any claim against the defendant."[9]  This Court has recognized that it may "exhibit some degree of leniency towards a *pro se* litigant to see his case is fully and fairly heard."[10]  However, *pro se* litigants are expected to adhere to the rules and requirements of this Court.[11]  The court in *Sprung v. Selbyville Cleaners* noted:

> The efficiency and effectiveness of our judicial system relies heavily on the diligent actions of those involved in legal disputes. Filing deadlines are in place to promote such judicial efficiency. Because of this, the inexcusable failure of a party to respond when required to do so cannot be treated lightly by this Court.[12]

In this case, Plaintiff did not meaningfully participate in discovery by failing to: (1) inspect Defendant's property; (2) take depositions of witnesses or parties; or (3) obtain evidence necessary for Plaintiff to establish a *prima facie* case.  Moreover, Plaintiff's refusal to comply with two defense medical exams prohibited Defendant from meaningfully engaging in discovery as well.  Plaintiff otherwise failed to prosecute her claim by neglecting to appear for critical court dates, such as the pretrial conference and trial.

---

[9] Super. Ct. Civ. R. 41(b).

[10] *Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546, at *2, n. 16 (Del. Super. July 22, 1997).

[11] *See Von Fegyverneky v. CFT Ambulance Serv.*, 2012 WL 2700464, at *3, n.17 (Del. Super. June 28, 2012) (citing *Draper v. Medical Center of Delaware*, 767 A.2d 796, 799 (Del. 2001)).

[12] 2007 WL 1218683, at *1 (Del. Super. Apr. 23, 2007).

5

As a result of Plaintiff's failure to prosecute her claim, there are no genuine issues of material fact in dispute. Nor has Plaintiff offered any evidence to satisfy the elements of her negligence claim. For these reasons, Defendant has satisfied its burden to show that there is no genuine issue of material fact based on the pleadings, depositions and discovery, and that it is entitled to judgment as a matter of law.

Upon satisfaction of Defendant's burden on summary judgment, the burden shifts to Plaintiff to rebut such a conclusion and demonstrate that there is any issue of material fact. However, Plaintiff's response on this motion is unresponsive and fails to offer any facts, beyond her conclusory allegations, that demonstrate a material factual dispute or prove the elements of her negligence claim. While Plaintiff did include an MRI report with her response, she offers no expert testimony or other facts to establish a causal link between the alleged slip and fall, and the results contained in the MRI report. Thus, on the record before the Court, Plaintiff has not demonstrated the existence of a genuine issue of material fact.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**