**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**JOHN A. PARKINS, JR.**
*JUDGE*

**NEW CASTLE COUNTY COURTHOUSE**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE  19801-3733**
**TELEPHONE:  (302) 255-2584**

March 1, 2017

Katherine L. Hemming, Esquire
Lundy Law
1600 Pennsylvania Avenue, Suite C
Wilmington, Delaware 19806

Eric S. Thompson, Esquire
Franklin & Prokopik
300 Delaware Avenue, Suite 1210
Wilmington, Delaware 19801

Michael F. Duggan, Esquire
Marks, O'Neill, O'Brien
Doherty & Kelly, P.C.
300 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Adrienne M. McDonald, Esquire
Silverman McDonald & Friedman
1010 North Bancroft Parkway
Suite 22
Wilmington, Delaware 19805

> **Re:   Andrea Ridgeway**
> **v. Acme Markets, Albertsons LLC,**
> **Fox Run SC, LLC and Cipolloni Brothers, LLC**
> **C.A. No. N16C-10-183 JAP**

Dear Counsel:

Now before the court is the joint motion of Acme Markets and Fox Run to dismiss Plaintiff's claims against Acme and Albertsons.

According to the complaint, Plaintiff slipped and fell on some ice while visiting the Acme at Fox Run Shopping Center on February 6, 2014.  Acme and Fox Run seek dismissal of Plaintiff's claims against Acme and Albertsons on the basis that under the terms of the Lease Agreement between Acme and Fox Run, Fox Run undertook responsibility for removal of ice and snow from the

shopping center. The moving parties recite "there is no dispute over responsibility for maintenance of the parking lot being the responsibility of Fox Run," and assert that "entities not parties to the Lease do not have standing to contest the provisions of the contract."

Moving Defendants' argument fails because Acme's duty of care to Plaintiff is independent of any contractual relationship it may have with its landlord. Acme owed a common law duty of care to its customers to keep its premises safe. More than fifty years ago the Delaware Supreme Court described it this way:

> The defendant as a storekeeper owes a duty to the public to see that those portions of its premises ordinarily used by its customers are kept in a reasonably safe condition for their use. In the performance of this duty a storekeeper is charged with responsibility for injuries which are caused only by defects or conditions of which the storekeeper had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary.[1]

A private agreement between Acme and Fox Run cannot alter the duty Acme owes to its customers. It may well be (and indeed Fox Run seems to concede) that Acme has a valid claim for indemnification against Fox Run. But that does not change the fact that Acme owes a duty of care to its customers.

In a footnote the moving parties question why Albertsons is a party to this case. The complaint alleges that Albertsons owns Acme Markets, Inc., but it does not set forth any discernable theory why this makes Albertsons liable.

---

[1] *Howard v. Food Fair Stores, New Castle Inc.*, 201 A.2d 638, 640 (Del. 1964).

The court will not dismiss the claim against Albertsons on this theory because it was not fairly presented. The mere appearance in a footnote does not suffice. However, Plaintiff may wish to rethink its decision to include Albertsons as a defendant.

For the foregoing reasons, the motion to dismiss is **DENIED.**

Very truly yours,

John A. Parkins, Jr.

oc:     Prothonotary