# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| THEODORE HEINE and JEAN HEINE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N18C-08-280 JRJ |
| J B INC., also known as or formally known as, J B BUCK, INC., FLOWERS BAKING COMPANY OF OXFORD, INC., FLOWERS BAKING COMPANY OF OXFORD, LLC, TASTY BAKING OXFORD, INC., and FLOWERS FOODS, INC., | ) ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| ACME MARKET, INC., also known as ACME MARKETS, INC., and ACME MARKET, | ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: March 12, 2021
Date Decided: June 2, 2021

## MEMORANDUM OPINION

*Upon Defendant Acme Markets, Inc.'s Motion for Summary Judgment*: **DENIED.**

Michael J. Hood, Esquire, Michael J. Hood, LLC, 916 New Road, Elsmere, Delaware 19805, Attorney for Plaintiffs.

Sean A. Dolan, Esquire, Mintzer Sarowitz Zeris Ledva & Meyers LLP, 919 North Market Street, Suite 200, Wilmington, Delaware 19801, Attorney for Defendant Acme Markets, Inc.

**Jurden, P.J.**

## I.    INTRODUCTION

Plaintiff Theodore Heine was using an electric shopping cart scooter to shop at one of Defendant Acme Market, Inc.'s ("Acme") supermarkets.  At the same time, an employee of Defendant J B Inc. ("JB") was pushing a large cart of goods through the supermarket, intending to stock Acme's shelves.  The JB employee's cart collided with Heine's scooter, prompting Heine to sue both Acme and JB for negligence.  Acme has filed the instant Motion for Summary Judgment seeking to dismiss Heine's claim against it.  For the reasons explained below, Acme's Motion for Summary Judgment is **DENIED**.

## II.    BACKGROUND

### A.    Factual Background

On September 5, 2016, Heine was shopping at one of Acme's supermarkets.[1] He was operating an electric shopping cart scooter.[2]  A JB employee was pushing a large cart of Tastykakes through the supermarket, intending to stock Acme's shelves.[3]  Acme does not provide JB with any instructions or directions about how JB employees must stock their goods.[4]  As the JB employee was pushing her cart,

---

[1] Compl., Defendant Acme Market, Inc.'s Motion for Summary Judgment ("Opening Brief") (Ex. A), at ¶¶ 3–4 (Trans. ID. 66293006).

[2] *Id.* at ¶ 4.

[3] Dep. of Brittany Witt, Opening Brief (Ex. C), at 6:2–15 (Trans. ID. 66293006); Compl., Opening Brief (Ex. A), at ¶ 5; *see* Dep. of Brittany Witt, Opening Brief (Ex. C), at 13:1–23.

[4] *See* Dep. of Robert Witt, Opening Brief (Ex. D), at 15:17–21 (Trans. ID. 66293006).

she collided with Heine's electric shopping cart scooter, allegedly injuring Heine.[5] This collision was captured on video, and all of the parties and the Court have seen it.[6]

## B. Procedural History

On August 29, 2018, Heine and his wife, Jean Heine,[7] sued Acme and JB.[8] As against Acme, the Complaint alleges that Acme was negligent for having allowed the collision to occur on its premises and that Acme's alleged negligence was the direct and proximate cause of Heine's alleged injuries.[9] On January 28, 2021, Acme filed the instant Motion for Summary Judgment seeking to dismiss this negligence claim.[10]

## III. STANDARD OF REVIEW

Summary judgment is appropriate only if the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[5] Compl., Opening Brief (Ex. A), at ¶ 5.

[6] *See* Tr. of Oral Arg., at 5:4–6 (Mar. 22, 2021) (Trans. ID. 66629988).

[7] Jean Heine claims loss of consortium; she is otherwise uninvolved in this case. Compl., Opening Brief (Ex. A), at ¶ 18.

[8] *See generally* Compl., Opening Brief (Ex. A).

[9] *Id.* at ¶ 13 ("Acme Market was negligent in that it: [(a)] failed to have procedures in place to control the distributors of products to Acme operating in a safe fashion while in the store to protect its invitees; [(b)] failed to keep control of its premises in order that the alleged incident would not occur; [(c)] failed to supervise entities providing food or products to the premises in a safe manner; [(d)] should or should have known it failed to control defendant J B Inc. to operate in a safe manner to protect the invitees of Acme; [(e)] was negligent in terms of common law standards; and [(f)] such other negligence or recklessness as may be discovered during the course of the trial."); *id.* at ¶ 14. On February 5, 2019, Acme filed an Answer with a crossclaim against JB. *See Generally* Answer of Defendant Acme Markets, Inc. (Trans. ID. 62933617).

[10] *See generally* Opening Brief.

judgment as a matter of law."[11]  "When the evidence shows no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to demonstrate that there are genuine issues of material fact that must be resolved at trial."[12]  "All facts are viewed in a light most favorable to the non-moving party."[13]

## IV.  DISCUSSION

Acme argues that it was not responsible for the collision and that it had no duty to oversee the activities of JB's employee.[14]  Acme contends that Heine has failed to produce any evidence tying it to the collision.[15]  What the evidence *does* show, Acme continues, is that JB employees regularly stock their goods on Acme's shelves without Acme's involvement.[16]  Acme also asserts that Heine has failed to show that it had a duty to oversee the JB employee's activities.[17]

In his response, Heine characterizes Acme's position as follows:  "Since the vendors are free to do what they like, any injuries that occur to Acme's invitees are not Acme's fault."[18]  Heine denies that this is the case—and that he needs an expert

---

[11] Super. Ct. Civ. R. 56(c).

[12] *Tolliver v. U.S. Bank Nat'l Ass'n*, 2020 WL 2095830, at *1 (Del. Apr. 29, 2020) (internal quotation marks omitted) (quoting *Grabowski v. Mangler*, 938 A.2d 637, 641 (Del. 2007)).

[13] *Preston Hollow Capital LLC v. Nuveen LLC*, 2020 WL 7365808, at *4 (Del. Super. Ct. Dec. 15, 2020) (citing *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991)).

[14] Opening Brief, at ¶¶ 6–9, 12.

[15] *Id.*, at ¶¶ 6–7.

[16] *Id.* at ¶¶ 8–9.

[17] *See id.* at ¶ 12.  Acme notes that Heine has neither put forth an expert witness nor identified an industry standard to establish such a duty.  *Id.*

[18] Responding Brief, at ¶ 4.

to say so.[19]  He argues that a jury, equipped with its life experience and the video, can determine whether Acme's failure to guard against the collision amounted to negligence.[20]  Heine also asserts that an industry standard is unnecessary, contending that "[t]he law is concrete that you have a duty to protect your invitees with reasonable safety procedures."[21]

The sole legal question here is what duty, if any, Acme owed to Heine with respect to the JB employee's activities in the Acme supermarket.  The Supreme Court of Delaware's decision in *Hazel v. Delaware Supermarkets, Inc.* is instructive on this point.[22]  *Hazel* involved a customer who slipped and fell in the frozen food aisle of a ShopRite supermarket.[23]  After her fall, the customer noticed that her calf was wet, but she could not determine the source of the moisture.[24]  At the time of the customer's fall, an employee of Edy's Grand Ice Cream was stocking ice cream down the aisle.[25]  The Edy's employee testified that condensation from the ice cream would sometimes drip onto the floor as he was stocking.[26]

The ShopRight customer filed a negligence action against (1) Delaware Supermarkets, Inc. ("DSI"), the entity that operated the ShopRite supermarket; (2)

---

[19] *Id.* at ¶ 6.
[20] *See id.* at ¶¶ 8, 11.
[21] *Id.* at ¶ 12.
[22] *See generally Hazel v. Del. Supermarkets, Inc.*, 953 A.2d 705 (Del. 2008).
[23] *Id.* at 707.
[24] *Id.*
[25] *Id.*
[26] *Id.*

Edy's; and (3) an ice cream company associated with Edy's.[27] The Superior Court granted summary judgment in favor of the defendants.[28] On appeal, the Supreme Court articulated the following standard:

> In an action for personal injuries resulting from a defendant's breach of its "duty to keep the[] store premises in a reasonably safe condition for the use of the[] customers," the plaintiff must show that (1) there was an unsafe condition in the defendant's store (2) which caused the injuries complained of, and (3) "of which the storekeeper had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary."[29]

Applying that standard, the Supreme Court reversed.[30] It reasoned that a jury could conclude that DSI or Edy's should have known that the Edy's employee was engaged in an activity—"transporting the ice cream for stocking in the aisle freezers"—that could result in an unsafe condition.[31]

*Hazel* bears a number of similarities to this case. Both cases involve plaintiffs who were supermarket customers. Both customers alleged that they were injured due to the supermarket's failure to address an allegedly unsafe condition. Both allegedly unsafe conditions resulted from the activity of a third party. And both third

---

[27] *See id.* at 706–707. DSI filed a third-party complaint against the ice cream companies, as Acme did against JB in this case. *Id.* at 708; *see generally* Answer of Defendant Acme Markets, Inc. with Cross Claim for Indemnification and Contribution (Trans. ID. 62933617).

[28] *Hazel*, 953 A.2d at 706–07.

[29] *Id.* at 709 (citations omitted) (quoting *Howard v. Food Fair Stores, New Castle, Inc.*, 201 A.2d 638, 640 (Del. 1964)).

[30] *See id.* at 712.

[31] *Id.* at 711.

parties performed their activities without the supermarket's oversight. Because of these similarities, the Court finds that *Hazel* controls.[32] Under the *Hazel* standard, Acme is not entitled to judgment as a matter of law. A jury must decide whether Acme acted as a "reasonably prudent shopkeeper" and otherwise satisfied the *Hazel* standard. Accordingly, Acme's Motion for Summary Judgment is **DENIED**.

## V. CONCLUSION

The Court finds that this case is governed by the standard articulated by the Supreme Court of Delaware in *Hazel v. Delaware Supermarkets, Inc.* In light of that standard, a jury must decide, among other things, whether Acme was acting as a "reasonably prudent shopkeeper" when it failed to prevent the collision at issue in this case. Accordingly, Acme is not entitled to judgment as a matter of law, and Acme's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

cc: Prothonotary

---

[32] At oral argument, Acme attempted to distinguish *Hazel*, stating that *Hazel* "speaks to liability against the shop owner directly, not against the shop owner's need to see and observe and control what an independent contractor or a vendor in this case is doing within the store. So it's sort of like one step removed." Tr. of Oral Arg., at 20:18–23 (Mar. 22, 2021). If Acme means to argue that the issue in *Hazel* was a wet floor whereas the issue in this case was a third-party actor, the Court finds that this is a distinction without a difference. The "duty to keep the store premises in a reasonably safe condition for the use of the customers" is sufficiently general to encompass both a wet floor and a third-party actor. *Hazel*, 953 A.2d at 709 (brackets and internal quotation marks omitted) (quoting *Howard v. Food Fair Stores, New Castle, Inc.*, 201 A.2d 638, 640 (Del. 1964)).