# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

OLFEA MANGLE and
MAMERTO MANGLE, JR.

        Plaintiff,

v.

INSPIRIT SENIOR LIVING,
DOVER AID II OPCO LLC d/b/a
DOVER PLACE & DOVER AID II
PROPCO LLC and KENT
LANDSCAPING,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N24C-01-012 FJJ

Submitted: March 20, 2026
Decided: March 24, 2026

## OPINION AND ORDER
### On Defendants' Motion for Summary Judgment

### DENIED

*Emily Laursen Raisis, Esquire,* Kimmel, Carter, Roman, Peltz & O'Neill, Christiana, Delaware, *Attorneys for Plaintiff.*

*Maria R. Granaudo, Esquire* and *Dominque M. Kendus, Esquire,* Burns White, LLC, Wilmington, Delaware, *Attorneys for Defendants Dover Aid II Opco LLC d/b/a Dover Place and Dover Aid II Propco LLC.*

*Eric Scott Thompson, Esquire,* Marshal Dennehey, P.C., Wilmington, Delaware, *Attorney for Defendant Kent Landscaping.*

**Jones, J.**

This is a personal injury action resulting from a January 4, 2022 slip and fall incident which occurred in the parking lot of premises owned or occupied by Inspirit Senior Living Dover Aid II Opco LLC d/b/a Dover Place and Dover Place AID II Propco LLC (collectively referred to as "Dover Place"). It is alleged that Dover Place had a contract with Kent Landscaping ("Kent Landscaping") for Kent Landscaping to remove snow and ice. Plaintiff alleges that the responsible Defendants were negligent in not removing the snow and ice from the parking lot which caused the Plaintiff to fall. Both Dover Place and Kent Landscaping have moved for summary judgment. This is the Court's decision on those motions.

## STANDARD OF REIVEW

Superior Court Civil Rule 56(c) states a party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] "A genuine issue of material fact is one that 'may reasonably be resolved in favor of either party.'"[2] The court views the evidence provided "in a light most favorable to the non-moving party."[3] The initial burden is on the moving party to show there are no genuine issues of material fact.[4] The burden then shifts to the non-moving party to show there is at

---

[1] Del. Super. Ct. Civ. R. 56(c).
[2] *Saunders v. Lightwave Logic, Inc.*, 2024 WL 4512227, at *6 (Del. Super. Ct., Oct. 17, 2024) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979)).
[3] *Gibson v. Metro. Grp. Prop. And Cas. Ins. Co.*, 2017 WL 5606714, at *2 (Del. Super. Ct., Nov. 15, 2017) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991)).
[4] *Id.*

least one material issue of fact in dispute.[5] The court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," in determining whether there is a genuine issue as to any material fact.[6] Further, "the Court must accept all undisputed factual assertions and accept the nonmoving party's version of any disputed facts."[7] However, any factual inferences made in favor of the non-moving party must be reasonable.[8]

## FACTS

When the facts are viewed in a light most favorable to the Plaintiff, they reveal the following.

Olfea Mangle ("Plaintiff"), an outpatient physical therapist employed with Fox Rehabilitation was at Dover Place in the course and scope of her employment on January 4, 2022. At approximately 11:00 a.m. on January 4, 2022, Plaintiff exited Dover Place and proceeded towards her vehicle following the same route she had taken upon arrival.[9] As she maneuvered through the parking lot, which was covered with snow and ice, [10] she slipped and fell sustaining personal injuries.

[5] *Id.*
[6] *Coker v. Tenney-Andrews*, 2016 WL 6659500, at *2 (Del. Super. Ct. Nov. 10, 2016) (quoting Del. Super. Ct. Civ. R. 56(c)).
[7] *Id.* (citing *Sztybel v. Walgreen Co.*, 2011 WL 2623930, at *2 (Del. Super. Ct., June 29, 2011)).
[8] *Smith v. Haldeman*, 2012 WL 3611895, at *1 (Del. Super. Ct., Aug. 21, 2012) (citing *Mergenthaler v. Asbestos Corp. Of America, Inc.*, 1988 WL 16284, at *5 (Del. Super. Ct., July 13, 1988)).
[9] Docket Item (D.I.") 27, Ex. A, Dep. of Olfea Mangle ("Plaintiff's Deposition"), at 29:6-21.
[10] *Id.* at 30:10-31:19.

3

At the time of the incident, Kent Landscaping and Dover Place had a contract in place where Kent Landscaping would provide snow and/or ice remediation and/or removal for Dover Place the specifics of which varied depending on certain conditions in their contract. Kent Landscaping has produced an invoice indicating that at some point between January 3, 2022 and January 5, 2022, services were performed at Dover Place.[11]

Plaintiff testified that the parking lot was covered in snow and it did not appear that any snow and/or ice remediation efforts had been undertaken.[12]

## ANAYLSIS

### Kent Landscaping's Motion for Summary Judgment

Kent Landscaping has moved for summary judgment on two grounds.[13] First, Kent Landscaping maintains that based on the testimony of Plaintiff that the parking lot did not appear to have had any remediation done to it, Kent Landscaping owed no duty to the Plaintiff. According to Kent Landscaping if it did not appear on the premises before the Plaintiff fell, it owed the Plaintiff no duty.

Plaintiffs' testimony about when any remediation occurred is not supported by the Kent Landscaping invoice which indicates that work was done

---

[11] D.I. 26, Ex. A.
[12] Plaintiff's Deposition, at 30:10-31:19.
[13] D.I. 24.

between January 3, 2022 and January 5, 2022. In short, there is a question of fact about whether Kent Landscaping performed work on site before the Plaintiff fell. Included within the questions of fact are two issues that must be resolved by a jury: 1) if Kent Landscaping performed work prior to Plaintiffs' fall on January 4, 2022 (which would create the duty towards Plaintiff and Dover Place), whether that work was done in a reasonable manner; and 2) if it did not perform work before January 3, 2022, whether under any agreement between Dover Place and Kent Landscaping it should have performed remedial work prior to Plaintiffs' fall.

Kent Landscaping next maintains that it is entitled to summary judgment because Plaintiff has failed to produce a liability expert and, without a liability expert, Plaintiff cannot meet her prima facia case. Not every case requires an expert witness.[14] Expert testimony is required where the appropriate standard of care is not within the common knowledge of a lay juror.[15] In *Hazel v. Delaware Supermarkets, Inc.*, this Court held that expert testimony was not required when the Plaintiff fell in the frozen food aisle of a grocery store finding that "it is within the common knowledge of lay jury whether water on the floor, in the aisle of a public grocery store, creates an unsafe condition."[16] As in *Hazel*, I find that it is

[14] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162, at *3 (Del. Super. Ct., Dec. 9, 2009).
[15] *Rice v. Rice.* 2020 WL 4908096 (Del. Super. 2020).
[16] *Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *2 (Del. Super. Ct., Dec. 8, 2008) (citing *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705 (Del. 2008)); *see also Small v. Super Fresh Food Markets, Inc.*, at *3-4 (Del. Super. Ct., Feb. 12, 2010).

within the common knowledge of a lay person to be able to determine whether snow and ice was removed at all before the Plaintiff fell and, if some attempt had been made to remediate the ice and snow, whether that was done reasonably.[17] In short, as to liability Plaintiff does not need an expert in this case to make out a prima facia case.

For the above reasons Kent Landscape's Motion for Summary Judgment is **DENIED**.

### Dover Place's Motion for Summary Judgment

Dover Place has also moved for summary judgment.[18] Dover Place maintains that Plaintiff did not testify as to what caused her to fall and, as such, Dover Place is entitled to summary judgment. In her deposition the Plaintiff testified that when she exited her car in the Dover Place parking lot the ground "was covered with snow."[19] When describing the area around her car, Plaintiff testified as follows:

> Q. You walk over to your car, what happens then?
> A. Yeah so I walk over to where my car was parked and by the time I got to my area, in the front of my car, I slipped.
> Q. What did it look like in the area around your car?
> A. It was still the same. There was the snow right around the cars, there was the snow on top that you could see. You cannot see anything underneath.
> Q. You're talking about there was snow on the ground?

---

[17] *See Yancy v. Tri State Mall Ltd. P'ship*, 2014 WL 2538805, at *3–4 (Del. Super. Ct., May 29, 2014).
[18] D.I. 27.
[19] Plaintiff's Deposition, at 25:15-17.

A.   Yes, sir.[20]

When asked about what caused her to fall, the following exchange took place in

Plaintiffs' deposition:

Q.   When we were talking about the premises and you said that there was snow in the driving lane and there was snow on the sidewalk, did you ever see ice?
A.   No, I didn't.
Q.   Okay. Do you know what you stepped on that resulted in you slipping?
A.   I -- don't really know. It was very slippery so I would think it was icy on the bottom - -
Q.   Okay.
A.   -- if -- if the snow melted, yeah.
Q.   After you slipped, did you stop to look to see what it was like?
A.   No, I just could not wait to sit down.
Q.   So as you sit here today, you can't say whether you stepped on snow, ice, or something else?
A.   Yeah, I -- I --
Q.   Is that fair?
A.   Yes, I don't, sir.[21]

To prevail on her claim, Plaintiff must establish that there was a dangerous

or defective condition in the parking lot that caused her to fall and that Defendants,

in the exercise of reasonable care, should have known about the condition and

corrected it.[22]  When there is simply no evidence of what the alleged defect was

that caused the injury, summary judgment is appropriate.[23]  Where, however, the

---

[20] *Id.* at 31:7-19.
[21] *Id.* at 51:12-52:4.
[22] *Collier v. Acme Markets, Inc.*, 1995 WL 715862, at *1 (Del. 1995) (citing *Howard v. Food Fair Stores, New Castle, Inc.*, 201 A.2d 638, 640 (1964)); *Price v. Acme Markets, Inc.*, 2010 WL 4062007, at *2 (Del. Super. Ct., Sept. 29, 2010).
[23] *See id.*

facts support an inference as to what caused Plaintiff to fall even though the Plaintiff could not say for certain what caused her to fall, and that cause is one that the Defendant should have corrected, summary judgment is not appropriate.[24]

In the instant case a reasonable jury could infer based on the conditions in the parking lot that Plaintiff fell either due to ice or snow. This is not a situation where there is simply no evidence of what the dangerous condition was. There is reasonable evidence that the dangerous condition was ice and/or snow. As a result, there are fact questions for a jury to consider which preclude the granting of summary judgment in favor of the Defendants. Summary Judgment is DENIED.

Both Defendants maintain that Plaintiffs' testimony about the existence of the snow and ice at Dover Place made the condition open and obvious and therefore, each are entitled to summary judgment. Plaintiffs' allegations involved not just a duty to warn claim but a claim that each of the Defendants' had a duty towards her to remove the snow and ice. As such, the question of the open and obvious nature of the snow and ice is part of the comparative fault analysis which is a jury question.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[24] *Rowan v. Toys "R' Us, Inc.*, 2004 WL 1543238, at *2 (Del. Super. Ct., June 18, 2004); *see also Balzereit v. Hocker's SuperThrift, Inc.*, 2012 WL 355049 5, at *2 (Del. Super. Ct., July 24, 2012)