OLIVIA D. WILSON, Plaintiff Below, Appellant, v. HOWARD J. DERRICKSON and LUELLA M. DERRICKSON, his wife, t/a Derrickson's CORNER CUT RATE DRUG STORE, Defendants Below, Appellees.

*(November 2, 1961)*

SOUTHERLAND, Chief Justice; WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*Robert D. Thompson, Jr.*, for appellant.

*Jackson W. Raysor* (of Tunnell and Raysor) for appellees.

Supreme Court of the State of Delaware, No. 24, 1961.

WOLCOTT, J.:

This is an appeal from a judgment for the defendants in an action for personal injuries, entered at the direction of the trial court at the close of the plaintiff's case. The plaintiff's brief sets out two questions for our consideration but in reality we think they are basically the same, *i.e.*, did the plaintiff establish a *prima facie* case by either direct or circumstantial evidence which required the submission of the issue of defendants' negligence to the jury.

The record shows that the plaintiff made the following factual showing: The plaintiff is a woman, a paper hanger by trade, who has followed that trade for upwards of 20 years with no record of falls or injuries while working at her trade. On October 1, 1959 she went into the defendants' drug store in Lewes, a place where she had been many times before, to make a purchase of tobacco for a friend's birthday. She was wearing at the time flat-heeled shoes similar to the type worn by her while working at her trade. In entering the store she was walking normally and not hurrying. She did not observe upon her entry the condition of the floors and whether or not there were any obstacles or extraneous matter upon them.

The defendants' store proper is divided into aisles by counters or display racks, and at the time in question, by reason of the display of merchandise in the large windows at the front of the store, the interior was not particularly well lighted.

The plaintiff walked to the tobacco counter, made a purchase of tobacco and then inquired of one of the defendants who waited upon her where the birthday cards were. He pointed to a rack and the plaintiff turned to walk along an aisle toward it and took three or four steps in a normal, unhurried manner.

In the course of so doing, the plaintiff slipped and fell violently to the floor upon her hands and knees. She was

dazed, shocked and in pain. She was assisted to her feet and went out of the store to her parked car and drove herself home. She did not inspect the floor after falling to see what, if anything, was on it which had caused her to fall.

Upon arrival at home, the plaintiff discovered her stockings, dress and coat, as well as her hands and knees, were stained and covered with a dark, oily substance, apparently in some profusion. She cleaned up as best she could and changed her clothes. Eventually, the clothes she was wearing at the time she fell in the defendants' store were thrown away by her because the black, oily stains could not be removed.

The plaintiff called as a witness one of the defendants who testified that the floor of the store was an old pine one and in order to keep down the dust it was his custom to oil it periodically, approximately once in every two months. He testified that he could not remember the date of the last application of oil to the floor prior to the plaintiff's accident, but he stated positively that it was his uniform habit to oil the floor on a Saturday night so that the oil thus applied would have an opportunity to be absorbed into the floor by the next Monday morning since the defendants' store was always closed on Sundays. October 1, 1959, the date of plaintiff's accident, was a Thursday.

The plaintiff contended at the trial, and now contends before us, that the above facts were proof of circumstances which would permit the jury to infer that she slipped on the floor of the defendants' store by reason of an excess of oil thereupon which had been placed there by the defendants in a negligent manner so as to permit an accumulation to remain in the aisle in which the plaintiff fell. The trial judge thought to the contrary and directed the jury to bring in a verdict for the defendants. Plaintiff appeals.

When an action is filed based upon the negligence of the defendant, such negligence is never presumed from the

mere fact that the plaintiff has suffered an injury and, in all cases, the burden is upon the plaintiff to affirmatively prove negligence on the part of the defendant and that such negligence was the proximate cause of the injury. This is so fundamental that no citation of authority is required.

■ These defendants were storekeepers and, as such, were not insurers of the safety of all customers coming into their store. They were required by law to keep their store premises in a reasonably safe condition for the use of their customers. In the performance of this duty, the defendants were accordingly charged with the prevention of defects or conditions of which they had actual notice, or which they could have discovered by such reasonable inspection as other prudent storekeepers under similar circumstances would have regarded as necessary. *Robelen Piano Co. v. DiFonzo, Del.,* 169 *A.* 2d 240.

■ In order, therefore, for a plaintiff to prove a *prima facie* case in a personal injury action based on negligence, it is necessary for him to prove that, first, an unsafe condition on the defendant's premises caused the accident and that such unsafe condition was either created by or known to, or should have been known to the defendant. Unless these facts are established either by direct evidence or by inference from the proof of circumstances, the plaintiff's case will not be submitted to the jury for its decision.

■ It is, of course, true that a plaintiff may establish the negligence of the defendant by proof of circumstances from which an inference of negligence follows as a natural or very probable conclusion from the facts proven. Such a conclusion, however, must be the only reasonable inference possible from the admitted circumstances. If the proven circumstances are as consistent with the absence of negligence as with the existence of negligence, neither conclusion can be said to have been established and, accordingly, it would follow that a *prima facie* case of negligence has not been estab-

lished for submission to the decision of the jury. *Ciociola v. Delaware Coca-Cola Bottling Co., Del.*, 172 A. 2d 252.

■ The fundamental question before us, therefore, is whether or not from the facts established as the plaintiff's case the only reasonable inference to be drawn is that the defendants were negligent in permitting an accumulation of an oily substance on their floor, and that that accumulation caused the plaintiff to fall. We think the facts do not compel this inference.

The plaintiff has proved that the store floor might have been oiled as late as the Saturday preceding the fall on Thursday, although the proof in this respect is merely that oil might have been applied at that time. It is by no means certain that the floor was actually oiled on that Saturday. The defendant who testified on the point said he did not know, but admitted that it was possible that it had been.

There is nothing in the record to establish what type of material was used by the defendants in oiling the floor and the amount of time required for the floor to absorb whatever preparation was used. Nor is there any showing at all that the defendants knew, or should have known, that all of the oil, assuming it had been applied on the Saturday before, had not been absorbed. In short, there is a complete failure to prove that the defendants had any knowledge of, or reason to suspect, the presence on the floor of a condition dangerous to their customers. Unless, however such condition is known, or should have been known, to the defendants, there was no duty imposed upon them to take steps to remedy it.

Furthermore, it seems to us under the proven facts that it is as reasonable to assume that the substance, whatever it was, was deposited on the floor by some means other than the defendants' action in oiling the floor. It is as reasonable, in the absence of proof on the subject, to assume that a customer of

the defendants that day had inadvertently spilled some oily, slippery substance on the floor.

In any event, we think that there is more than one reasonable inference to be drawn concerning the manner in which the oily substance came upon the floor and, under the circumstances, we think that it would have been error for the trial judge to permit the jury to speculate upon the question of whose fault it was that the substance was there.

The plaintiff's case, therefore, fails to establish on the part of the defendants any violation of the standard of care they owed as storekeepers to the plaintiff, a customer or business invitee.

The judgment of the court below is affirmed.