Bessie H. WISE, for herself and as Administratrix of the Estate of Robert H. Wise, Deceased, Plaintiff,

v.

GEORGE C. ROTHWELL, INC. and William D. Harrington, Defendants.

Civ. A. No. 3840.

United States District Court,
D. Delaware,
Wilmington Division.

June 8, 1973.

John M. Bader and John S. Grady of Bader, Dorsey & Kreshtool, Wilmington, Del., and Richard L. Polin, Philadelphia, Pa., of counsel, for plaintiff.

F. Alton Tybout and Jeffrey S. Goddess of Tybout, Redfearn & Schnee, Wilmington, Del., for defendants.

OPINION

LATCHUM, District Judge.

This action arose out of a motor vehicle accident which resulted in the death of the plaintiff's husband, Robert H. Wise.

The plaintiff is a citizen of Maryland and the defendants are citizens of Delaware. Since the amount in controversy exceeds $10,000, this Court has jurisdiction. 28 U.S.C. § 1332(a)(1).

A trial to the Court was held without a jury from February 26 to February 28, 1973. Since post-trial briefing has been completed, the matter is now ripe for decision.

Briefly stated, the background facts are as follows: At about 10:45 P.M. on October 23, 1969, the decedent Robert H. Wise ("Wise") was traveling eastward on Delaware Route 24, about 2 miles east of Millsboro. He was approaching the plant complex of Townsend, Inc. ("Townsend"), the major part of which is located on the south side of Route 24. At that moment a tractor-trailer owned by George C. Rothwell, Inc. ("Rothwell") and driven by William D. Harrington ("Harrington"), was making a left-hand turn onto Route 24 from the

Townsend plant. The truck was leaving the plant via a private road which formed a T-intersection with Route 24. Had the turn been fully completed the tractor and trailer would have been traveling westward on Route 24. However, the Wise vehicle collided with the Rothwell truck at a point just in front of the rear tandem wheels of the trailer while it was in the process of making its turn. Wise died instantly of injuries suffered in the collision. The decedent's administratrix, Bessie H. Wise, ("Mrs. Wise") brought this action against Harrington and Rothwell, contending that the accident was due to the negligent manner in which Harrington drove the Rothwell vehicle. Mrs. Wise seeks $75,254. in damages. The defendants deny that they were negligent and additionally contend that the accident was caused solely by the negligent manner in which Wise was operating his own vehicle.

More specifically, Mrs. Wise claims that Harrington was operating the Rothwell truck negligently in two respects. First, she contends that Harrington negligently drove the Rothwell vehicle across both lanes of the highway at such close proximity to the Wise automobile that a collision was inevitable. Second, she contends that Harrington negligently failed to turn on the clearance lights located on the Rothwell trailer, making the vehicle virtually impossible for Wise to see, as it was turning onto Route 24, until he had driven so close to the vehicle that it was impossible to avoid the collision.

The defendants for their part contend that Harrington was not negligent in his operation of the Rothwell truck because, before he began to turn onto Route 24, he looked in both directions and observed no vehicle closer than one-half mile. The defendants also assert that the truck's clearance lights were on and

visible to vehicles traveling along the highway so that if Wise had been driving with reasonable care, upon seeing the body lights he would have had ample time to alter his course and speed to avoid a collision with the Rothwell vehicle. In addition, the defendants argue that Wise was negligent because he was traveling faster than the posted speed limit in an area which he knew was dangerous and congested.[1] Finally, the defendants argue that Wise was negligent because his powers of observation, his judgment, his reflexes and coordination were impaired due to the influence of alcohol.

Negligence is never proved from the mere fact that an accident occurred and that the plaintiff has suffered injuries. The plaintiff must prove by a preponderance of the evidence that the defendant was negligent. Wilson v. Derrickson, 4 Storey 199, 175 A.2d 400 (Del. Supr.1961); Ciociola v. Delaware Coca-Cola Bottling Company, 3 Storey 477, 172 A.2d 252 (Del.Supr.1961); Christian v. Wilmington General Hospital Ass'n., 11 Terry 550, 135 A.2d 727 (Del. Supr.1957).

In order for the plaintiff to prove negligence on the part of the defendants, the critical factual issues are the proximity of the Wise automobile to the Rothwell vehicle at the moment the Rothwell vehicle began to pull onto the highway, and whether or not the clearance lights of the Rothwell vehicle were lit prior to and at the time of the collision.

With respect to the first factual issue, Harrington testified that when he pulled up to the edge of Route 24 from the private road leading out of Townsend's plant he allowed one automobile traveling eastward to pass by him. He testified that the following vehicle on the highway traveling eastward appeared to

---

1. The posted speed limit at the accident scene was 40 M.P.H. (DX 15). The decedent worked at Townsend and was familiar with the congested area (Tr. 205–6). Route 24 from the direction in which Wise approached the Townsend plant was straight for about a mile. (Tr. 125; PX 3, 4 and 8); Townsend was in its busy season with trucks going and coming from the plant even at night (Tr. 29–32). (Tr. refers to the trial transcript).

be about one-half mile distant so that he began to pull out onto the highway to make his left turn. (Tr. 109). He testified that about ten to fifteen seconds after he had commenced his left-hand turn onto the highway his vehicle was struck by the decedent's vehicle. (Tr. 114). The Court concludes that the estimated distance of one-half mile is probably inaccurate. If this figure were correct the Wise vehicle would have had to have traveled at 120 miles per hour to cover the distance in 15 seconds and, of course, even faster than that if the turning time of the Rothwell vehicle were 10 seconds. Moreover, Harrington's estimate was made at night when distances are difficult to judge with complete accuracy. More likely the distance was closer to half of Harrington's estimate or one-quarter mile, which would reduce the speed of the oncoming vehicle to very roughly 60 miles per hour, which would at least place it in the neighborhood of the several estimates of the speed of the Wise automobile that were made at trial. Based upon the evidence introduced at trial, it is impossible for the Court to make a more precise estimate of the distance. No witness to the accident was able to estimate the distance. Ann Norwood, who was driving the automobile which had passed by Harrington just before he pulled onto Route 24, testified that she observed a vehicle behind her by occasionally glancing in her rearview mirror. (Tr. 127). However, she did not make an estimate of its distance from her. Moreover, as it turned out, the vehicle immediately behind her was not the Wise vehicle at all but rather a truck driven by Paul Wothers.[2] Miss Norwood's testimony sheds no light on this factual issue.

Mr. Wothers testified that he was slowing down and in the process of pulling off onto the shoulder of Route 24 when the Wise vehicle which had been traveling behind him "whipped out" into the left-hand lane to pass his truck. (Tr. 445). In a pre-trial affidavit, Wothers had stated that he saw the Rothwell vehicle start to pull out onto the highway when he was about a quarter-mile away. However, he repudiated this testimony at the trial. (Tr. 467). Also at one point in the trial, Wothers testified that the Rothwell vehicle was already on the road when Wise passed him. (Tr. 451). But later he stated that he never saw the Rothwell vehicle on the road until the collision. (Tr. 463). Therefore, Wothers' testimony sheds no real light on the proximity of the Wise automobile to the Rothwell vehicle when the Rothwell vehicle started to make its turn onto Route 24.

Neither of the other two witnesses close to the accident, Fred Harrison and Almer Rggers, observed the Rothwell vehicle when it started to pull onto Route 24. In an effort to refute Harrington's testimony as to the distance of the Wise vehicle from his own at the time he started onto Route 24, the plaintiff's expert witness, Mr. Frederick Petring, testified to some observations he had made as to the average time it took tractor-trailers to make a left-hand turn from the private road leading out of Townsend's plant onto Route 24. His observations were made in January of 1973. Harrington had testified that he drove the tractor straight out across the eastbound traffic lane and then cut the wheels hard to the left and the tractor traveled about 30 feet in the westbound traffic lane after cutting his wheels before the Wise auto collided with the trailer. (Tr. 121). As noted earlier, he estimated that it took him 10 to 15 seconds to reach that position. However, Mr. Petring, on the basis of his January 1973 observations, concluded that the

---

2. Wothers testified that the decedent's automobile passed his tractor-trailer traveling eastward within a few hundred yards of the accident site (Tr. 445), making it impossible for the decedent's automobile to have been directly behind Miss Nor- wood's automobile. In addition, on cross-examination, Miss Norwood admitted she did not really know whether a truck or automobile was directly behind her. (Tr. 131).

average tractor-trailer took 6.8 to 8 seconds to get into the comparable position of the Rothwell vehicle at the time of the accident. This testimony does not effectively refute Harrington's, however. Petring's estimates were made more than 3 years after the accident. There was no showing that the tractors used to haul the trailers during his observations had performance characteristics comparable to the Rothwell tractor. Presumably at least some of the vehicles observed by Petring were newer models that conceivably could have made the turn more rapidly. In addition, there was no testimony as to whether approaching traffic had caused them to shorten turning time. In any case, Petring's upper estimate of 8 seconds is only 2 seconds below Harrington's rough low estimate of 10 seconds. Even assuming that Petring's estimates were accurate, 8 seconds' notice would appear to be ample time to have allowed the decedent to adjust his speed or alter his course to avoid a collision had he been traveling at a reasonable speed. A driver at a disfavored intersection is not required to wait until there is no traffic in sight before pulling out. In Fusco v. Dauphin, 8 Terry 140, 88 A.2d 813 (Del.Super.1952), Judge Layton, then a Superior Court Judge, observed, in an analogous situation:

"The driver approaching the stop sign must, of course, stop. He is in a position to observe oncoming traffic and judge its speed and to determine the approximate distance and time it would take him to cross safely. At a proper moment, when oncoming traffic does not create an 'immediate hazard', he may proceed out into the intersection and force opposing traffic to yield.

\* \* \* \* \* \*

"An 'immediate hazard' is created when a vehicle approaches an intersection on a favored street at a reasonable speed under such circumstances that, if the disfavored operator proceeds into the intersection, it forces the former sharply and suddenly to

check his progress or to come to a halt in order to avoid collision." Id. at 816.

■ If Wise, the driver on the favored street, had been traveling at a reasonable speed, that is the posted 40 miles per hour, 8 seconds' reaction time would have been ample to permit him to check his progress in a gradual manner. Therefore, since the preponderance of the creditable evidence indicates that the Rothwell vehicle was on Route 24 for *at least* 8 seconds before the collision, Harrington did not create an "immediate hazard" and therefore was not negligent in driving onto the highway when he observed the headlights of an approaching vehicle some distance away.

■ Turning now to the second factual issue, plaintiff urges that the clearance lights of the Rothwell trailer were not turned on so that no matter how long the truck had been in the process of turning onto the highway, the decedent could not observe the truck until he was so close that the accident was unavoidable on his part. Once again the plaintiff has the burden of proving by a preponderance of the evidence that the clearance lights of the Rothwell vehicle were not turned on, and that this condition, in fact, made the vehicle impossible to see.

■ Harrington testified that the clearance lights were turned on at the time of the accident. (Tr. 119). In addition, Police Detective Francis Mitchell testified that following the accident he inspected all of the clearance lights and determined that they were operating properly. (Tr. 407). To rebut Harrington's testimony, the plaintiff introduced the testimony of Almer Rggers, another truck driver who was parked along the shoulder of Route 24 at the time of the accident. Rggers testified that no clearance lights were on before the collision. (Tr. 161–162). The Court is unable to give much weight to the testimony of Mr. Rggers. His estimates of the speed of the Wise automobile and of the Rothwell vehicle are at variance with

**692**

all the other evidence and testimony introduced at trial by both parties. For example, Rggers estimated at one point that the Wise vehicle was going 20 to 25 miles per hour and that the Rothwell vehicle was traveling 2 miles per hour. All other evidence indicated that the Wise vehicle was traveling *at least* 45 miles per hour and the Rothwell vehicle at least 4 to 6 miles per hour. In addition, Rggers continually contradicted himself as to the speed of the Wise vehicle. As previously stated, he originally estimated that the vehicle was traveling 20 to 25 miles an hour. He later changed his story to 35 to 45 miles per hour. (Tr. 150; 166). As another example of contradictory statements, Rggers at first testified that his estimate of the speed of the Wise automobile was based on the fact that it was not gaining on the Norwood automobile (Tr. 167), but later he stated that he could not tell whether the Wise automobile was, in fact, gaining on the Norwood vehicle. (Tr. 177). In addition, Rggers did not inform the police on the night of the accident that he had observed the accident and in fact never informed anyone that he had witnessed the accident until two and one-half years after it happened. (Tr. 172–173). In light of the above circumstances, Rggers' credibility is questionable and the Court does not accord his testimony enough weight to refute Harrington's testimony that the body lights were turned on before the accident. The Court concludes that the plaintiff has not proved that Harrington negligently failed to light the clearance lights of the Rothwell trailer.

Because the Court finds from the creditable testimony that the plaintiff has failed to sustain her burden of proving by a preponderance of the evidence that Harrington and Rothwell were negligent in either respect claimed, judgment will be entered in defendants' favor and against the plaintiff.

In view of the Court's finding that the defendants were not negligent, it is unnecessary for the Court to consider the evidence relating to the decedent's negligence.

The above shall constitute the findings of fact and conclusions of law as required by Rule 52(a), F.R.Civ.P.