# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

May 24, 2018

Ms. Gnei Lehner
7016 Nimitz Drive
Forestville, MD 20747

Michael J. Logullo, Esq.
Rawle & Henderson, LLP
300 Delaware Avenue
Suite 1105
Wilmington, DE 19899

**RE:**  ***Gnei Lehner v. Dover Downs, Inc.***
***K16C–01-026 JJC***

Submitted:  May 16, 2018
Decided:  May 24, 2018

Dear Ms. Lehner and Mr. Logullo:

This is the Court's letter order providing its decision and reasoning regarding Defendant Dover Downs, Inc.'s (hereinafter "Dover Downs's") summary judgment motion.  At the outset, after reviewing the videotape showing Ms. Lehner's fall, the Court recognizes that Ms. Lehner suffered a serious fall while at Dover Downs. Ms. Lehner has appeared before the Court several times and the Court does not question her motives or her good faith belief that Dover Downs is responsible for her injuries. She has been both professional and persistent in advancing her claims without an attorney.  Equally throughout the pretrial process, counsel for Dover Downs interacted patiently and professionally with Ms. Lehner.

Apart from these observations, the Court must apply well settled legal principles when deciding Dover Downs's motion for summary judgment. After a careful review of the record, the Court finds that although Ms. Lehner believes a defect in the carpet outside her hotel room caused her to fall, there is no admissible evidence of record supporting that conclusion. For that reason and those that follow, Dover Downs's motion for summary judgment must be granted.

### The Parties Claims and the Facts of Record

Ms. Lehner tripped and fell while exiting her room at the Dover Downs Casino Hotel on December 27, 2013[1]. In her complaint, she alleged (1) that her hotel room door pushed her while she exited her room with her luggage, and (2) she tripped on the hallway carpet. Ms. Lehner also asserted in her complaint that Dover Downs's failure to properly maintain the hotel room door and hallway carpet caused her fall. Dover Downs moves for summary judgment alleging that Ms. Lehner did not identify what was unsafe about the hotel room door or the carpet outside it.

In response to Dover Downs's motion for summary judgment, Ms. Lehner now identifies a single alleged defect, rather than the two separate defects asserted in her complaint. Namely, she opposes Dover Downs's motion by focusing only on the carpet alleging that her "foot got caught [on the carpet that was] sticking up . . . that should be flat on the ground."

Both Dover Downs and Ms. Lehner submitted deposition testimony where she discussed her fall. The deposition testimony establishes that Ms. Lehner cannot describe, based on personal knowledge, an alleged defect in the carpet. She had entered and exited the room several times during her stay, and testified that she

---

[1] Dover Downs's videotape, included as an exhibit in the summary judgment motion, shows Ms. Lehner backing out of her hotel room, and falling violently backwards.

2

noticed no defect. After she fell, she also testified that she did not see the carpet and accordingly could not identify or describe a defect that caused her to fall.

Ms. Lehner primarily opposes Dover Down's motion by offering what the Court considers to be an affidavit submitted for summary judgment motion purposes.[2] Although the affidavit is not notarized, in light of Ms. Lehner's *pro se* status and the fact that the document attests that its contents are true, the Court will consider it as an affidavit submitted in support of her position. In that affidavit, Ms. Lehner alleges that the carpet was "sticking up," and that the carpet "caught her foot."

Dover Downs argues that she references no evidence of record that the carpet was defective, and that she testified that both before and after the fall, she saw no carpet defect. Dover Downs further argues that her allegation in her response/affidavit is merely a conclusion that there must have been something wrong with the carpet because she fell. In addition to submitting her deposition testimony, taped statement, and a video showing the fall from a distance, Dover Downs submitted deposition testimony from two employees who testified that they inspected the area after her fall and observed no defects. Specifically, the employees testified that they looked for rips, tears, bumps or lumps in the carpet where she fell, but they found none.

### Standard for Summary Judgment

Summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[3] The Court must view the evidence in the light most favorable to the non-moving party.[4] The burden of

---

[2] *See* Super. Ct. Civ. R. 56(e) (describing the requirements for such an affidavit submitted in the summary judgment context).

[3] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[4] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

proof is initially on the moving party.[5] However, if the movant meets his or her initial burden, then the burden shifts to the non-moving party to demonstrate the existence of material issues of fact.[6] The non-movant's evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law and sufficient to support the verdict of a rational jury.[7]

In this matter, Ms. Lehner's submitted a written response to the motion in what was most close in form to an affidavit.[8] After the summary judgment burden shift, the non-moving party seeking to meet her burden by affidavit, may offer affidavit(s) based upon "personal knowledge, [and] set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein."[9] Mere conclusions stated in an affidavit where all evidence of record conclusively establishes that the affiant did not have personal knowledge supporting the basis for such conclusions are insufficient.

## Discussion

In order to prevail, Ms. Lehner must establish that there was a dangerous or defective condition on the carpet that caused her to fall, and also that Dover Downs, in the exercise of reasonable care, should have known about the condition and corrected it.[10] In personal injury actions such as this, "negligence is never presumed from the mere fact that the plaintiff has suffered an injury [and the] burden is upon plaintiff to prove that defendant was negligent and that his negligence was the

---

[5] Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[6] *Id*. at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).

[7] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).

[8] Although it is not notarized, the affidavit includes language attesting that "[u]nder the penalties of perjury, the facts above are true to the best of my knowledge information and belief."

[9] Super. Ct. Civ. R. 56(e).

[10] *Collier v. Acme Markets, Inc.* 670 A.2d 1337 (Del. 1995) (TABLE) (*citing Howard v. Food Fair Stores,* 201 A.2d 638, 640 (Del. Super. June 2, 1964).

proximate cause of the injury."[11] To establish that there was a dangerous or defective condition, plaintiff must proffer specific facts, rather than merely make allegations.[12]

In its motion, Dover Downs cited *Price v. Acme Markets, Inc.*, which is a case where the court granted summary judgment for defendant in a very similar situation.[13] In *Price*, the plaintiff allegedly slipped and fell on the exterior sidewalk of a supermarket.[14] The defendant in that matter moved for summary judgment because the plaintiff could not identify a dangerous condition.[15] The defendant supported its motion with sworn testimony from employees that they did not observe any dangerous condition in the area that could have contributed to her fall.[16] As in the case at hand, the plaintiff in *Price* did not support her claim with evidence demonstrating a dangerous condition.[17] The *Price* court accordingly found that the plaintiff failed to establish an essential element of her claim that a dangerous condition existed on the defendant's premises. Because she did not identify such evidence, apart from mere allegations, the court granted defendant's motion for summary judgment.[18]

Here, Dover Downs's motion must be granted using the same reasoning. The Court has carefully reviewed the evidence, including Ms. Lehner's deposition testimony, her transcribed statement, Dover Downs's employee testimony, and the video of the fall. Viewing the facts in the light most favorable to Ms. Lehner, the Court finds that Dover Downs met its initial showing that there was no defective condition through sworn testimony by two employees inspecting the site shortly

---

[11] *Wilson v. Derrickson*, 175 A.2d 400, 401 (Del. Super. Nov. 2, 1961).
[12] *Price v. Acme Markets, Inc*. 2010 WL 4062007, at *2 (Del. Super. Sep. 29, 2010).
[13] *Id*. at *1.
[14] *Id*.
[15] *Id*.
[16] *Id*.
[17] *Id*.
[18] *Id*. at *3.

after her fall. In response, Ms. Lehner has identified no admissible evidence of record demonstrating that the carpet was defective. The Court acknowledges her claims in her affidavit that the carpet "was sticking up" at the site. However, all admissible evidence of record, including her taped statement and her deposition testimony, establishes that she did not actually observe such a condition before or after her fall. In fact, at oral argument, Ms. Lehner confirmed that at no time did she observe problems with the carpet. As Superior Court Civil Rule 56(e) requires, Ms. Lehner must demonstrate some evidence of record or identify evidence by affidavit based upon a witness's personal knowledge that there was a defective condition to prevent summary judgment. Her conclusory statement that something must have been wrong with the carpet because her foot got stuck on the carpet is insufficient to survive Dover Downs's summary judgment motion.

**Conclusion**

In summary, when viewing all admissible evidence of record in the light most favorable to Ms. Lehner, no rational jury could conclude that Dover Downs is liable for Ms. Lehner's injuries. Accordingly, summary judgment on behalf of Dover Downs and against Ms. Lehner is GRANTED.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge

6