## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MILLICENT ROBINSON and JOHN      )
ROBINSON, Executor of the Estate      )
of BARBARA McGHEE,      )
      )
      Plaintiffs,      )
      )  C.A. No. N17C-03-265 (MMJ)
      v.      )
      )
FOULKSTONE MEDICAL      )
PAVILION CONDOMINIUM      )
ASSOCIATION and JOSEPH      )
GUIES,      )
      )
      Defendants.      )

Submitted:  August 14, 2018
Decided:  September 19, 2018

**On Defendant's Motion to Exclude Opinions and
Testimony of Dr. Ross M. Ufberg
DENIED.**

**On Defendant's Motion for Summary Judgment
DENIED.**

### OPINION

Kenneth M. Roseman, Esq. (Argued), Kenneth Roseman P.A., Attorney for
Plaintiffs.

Tracy A. Burleigh, Esq. (Argued), Marshall, Dennehey, Warner, Coleman &
Goggin, Attorney for Defendant Foulkstone Medical Pavilion Condominium
Association.

**JOHNSTON, J.**

1

## PROCEDURAL AND FACTUAL CONTEXT

On February 12, 2016, decedent allegedly slipped and fell outside Defendant's facility. Decedent then was hospitalized for a fractured hip. Following the initial hip fracture, decedent experienced a number of complications until her death on July 15, 2016. Plaintiffs, on behalf of decedent, allege that decedent died as a result of the slip and fall and subsequent complications for which Defendants are liable. Plaintiffs commenced this action on March 22, 2017. Defendant Foulkstone Medical Pavilion Condominium Association has moved to exclude the testimony of Plaintiff's medical expert and for Summary Judgment. Plaintiffs responded and argument was heard on August 14, 2018.

## STANDARD OF REVIEW

### *Daubert* and Expert Testimony

The Delaware Supreme Court has adopted the *Daubert* standard to determine the admissibility of expert testimony.[1] Under this standard, the Court asks whether: (i) the witness is "qualified as an expert by knowledge, skill, experience, training or education;" (ii) the evidence is relevant and reliable; (iii) the expert's opinion is based upon information "reasonably relied upon by experts in the particular field;"

---

[1] *See Eskin v. Carden*, 842 A.2d 1222, 1231 (Del. 2004) (citing *Daubert v. Merrell Dow*, 509 U.S. 579 (1993)).

(iv) the expert testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue;" and (v) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[2]

When assessing the second factor of the *Daubert* standard—the reliability of the expert's opinion—trial courts consult a non-exclusive list of four more questions: (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.[3]

## Summary Judgment

Summary judgment is granted only if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[4] All facts are viewed in a light most favorable to the non-moving party.[5] Summary judgment may not be granted if the record indicates that a material fact is in dispute, or if there is a need to clarify the application of law to the specific

---

[2] *Id.* at 1227 (quoting *Cunningham v. McDonald*, 689 A.2d 1190, 1193 (Del.1997)).
[3] *Sturgis v. Bayside Health Ass'n Chartered*, 942 A.2d 579, 584 (Del. 2007).
[4] Super. Ct. Civ. R. 56(c).
[5] *Burkhart v. Davies*, 602 A.2d 56, 58–59 (Del. 1991).

3

circumstances.[6] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[7] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[8]

## ANALYSIS

<u>Motion to Exclude Opinions and Testimony of Expert Witness</u>

Defendant argues that Plaintiff's physician-witness lacks the requisite knowledge to qualify as an expert witness. Defendant states that the physician never evaluated the decedent after her fall.[9] Defendant argues the physician is not a qualified expert on these grounds and therefore should not be permitted to testify as an expert.

The physician is a medical doctor and director at Wilmington Pain & Rehabilitation Center.[10] He received his medical degree at Medical College of Pennsylvania in 1982 and was certified by the National Board of Medical Examiners in 1983.[11] The physician testified during his deposition that he assisted

---

[6] Super. Ct. Civ. R. 56(c).
[7] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[9] Def. Mot. To Exclude ¶ 11.
[10] Ross M. Ufberg, *Curriculum Vitae* at 1.
[11] *Id.* at 1.

4

in treating a wide variety of medical issues during his internship at Baylor College of Medicine from 1982-1983.[12] During his internship, he interned with a world-renowned heart surgeon.[13] He testified that he has extensive experience with treating hip fractures and subsequent rehabilitation as part of his practice.[14] Based on the physician's medical training and experiences, he was able to form an opinion on decedent's cause of death.

In his report, the physician opined that decedent's "diagnoses that were directly caused by the fall of February 12, 2016 include: 1) Left femur fracture with bipolar hemiarthroplasty of the left hip, 2/14/16; 2) Wound infection left hip with methicillin resistant staphalococcyx aureus requiring removal of hardware with replacement with a spacer."[15] The physician further reported that decedent "had complications during her hospitalization for repair of her hip fracture including stress cardiomyopathy, anemia secondary to blood loss from gastrointestinal sources, as well as left hip complicated by her history of a factor VIII deficiency. Additional complications included development of a decubitus ulcer on her coccyx as well as a urinary tract infection."[16] He further reported that the diagnoses listed on decedent's death certificate "were caused by the injuries

---

[12] Ufberg Deposition at 13.
[13] Ufberg Deposition at 14.
[14] Ufberg Deposition at 26.
[15] Ross M. Ufberg, *Report on Barbara McGhee* at 1.
[16] *Id.* at 1.

and complications from the fall of 2/12/16 and the subsequent hospitalization which were the proximate cause of [decedent's] death."[17]

The Court finds that Defendant's arguments to exclude expert testimony go to weight to be given to the expert's report and the credibility of the witness. The *Daubert* standard for admissibility has been met. First, the physician received a medical degree and subsequent licensure and is qualified in the medical field. Second, the physician's report is relevant and reliable as defined by *Daubert*. The physician's opinions are based on his training and experience as an M.D. The physician reviewed the decedent's medical records and, based on his training, was able to offer an opinion as to what caused her death. Third, under *Mumford v. Paris,*[18] "an experienced practicing physician is an expert, and it is not required that he be a specialist in the particular malady at issue in order to make his testimony as an expert admissible."[19] Therefore, even though the physician is not a specialist, his training and experience are sufficient to deem him a qualified expert for the purposes of this matter. His opinion is based upon information reasonably relied upon by comparable physicians. Fourth, the physician's opinions and testimony will assist the trier of fact. Finally, the physician's testimony will not create prejudice or confusion or mislead the jury.

---

[17] *Id.* at 2.
[18] 2002 WL 126402 (Del. Super.).
[19] *Id.* at 3 (citing *Bell Sports, Inc. v Yarusso*, 759 A.2d 582, 590 (Del. 2000)).

## Summary Judgment

Plaintiffs produced several pieces of evidence to prove that Defendant's negligence caused decedent's fall. First, Plaintiffs presented evidence that the decedent did not cause her fall. Plaintiffs stated that the decedent was not in any particular hurry, she was not wearing clothing or shoes that would cause the fall, and she was not experiencing any medical issues that would have caused the fall.[20]

Plaintiffs proffer expert testimony to show that there was a dangerous condition present at the site of the fall. A liability expert inspected the site of the decedent's fall and reported:

> It is my professional opinion, to a reasonable degree of certainty based on my knowledge of construction and safety and subject to modification as additional information is made available, that the difference in elevation between the patched area of the parking lot and the original parking lot...constitutes a hazard to normal, foreseeable pedestrian traffic. As such, this walkway/parking lot is in violation of one or more of the above-cited Sections. Further, this hazard, which is the result of improper maintenance and/or construction, should have been apparent to those responsible.[21]

Plaintiffs also presented testimony of Anthony Tomczyk. Tomczyk is employed by Asset Management, the company in charge of maintaining Defendant's parking lot. Tomczyk was aware of the parking lot's condition.[22]

---

[20] Pl.'s Resp., E-File 62269400, at 8.
[21] W. David Goldstein, *Barbara McGhee Report*, at 6.
[22] Tomczyk Deposition at 30.

Tomczyk testified that the condition could pose a danger to elderly people.[23] Plaintiffs' evidence tends to show the fall occurred in the vicinity of the alleged dangerous condition.

Defendant argues that negligence is never presumed.[24] Defendant also asserts that Plaintiffs have failed to offer any evidence of causation.[25] Defendant relies on *Brown v. Gartside*[26] to support this argument. In *Brown*, this Court granted the Defendant's motion for summary judgment because the Plaintiff did not offer any evidence to prove causation.[27] Defendant argues that according to *Brown*, summary judgment should be granted because Plaintiffs have not presented sufficient evidence to establish causation.

The Court finds *Brown* distinguishable. In this case, Plaintiffs have offered more evidence than presented in *Brown*. In *Brown*, this Court granted summary judgment for the Defendant because the Plaintiff did not offer any witness testimony or expert testimony proving a dangerous condition.[28] In contrast,

---

[23] *Id.* at 30.
[24] *Wilson v. Derrickson*, 175 A.2d 400, 401 (Del. 1961)(stating that "[w]hen an action is filed based upon the negligence of the defendant, such negligence is never presumed from the mere fact that the plaintiff has suffered an injury and, in all cases, the burden is upon the plaintiff to affirmatively prove negligence on the part of the defendant and that such negligence was the proximate cause of the injury.").
[25] Def. Mot. Summ. J., E-File 62238746, at ¶ 13.
[26] 2004 WL 2828061 (Del. Super.).
[27] *Id.* at 3 ("[P]laintiff's case fails because there is nothing in the record from which a jury could decide what caused Plaintiff to fall. Further, Plaintiff has failed to show a dangerous or defective condition existed either by way of the lighting or the pavement.").
[28] *Id.* at 3.

Plaintiffs in the instant case have offered both types of evidence to show that a dangerous condition existed where decedent fell.

Once a dangerous condition is proved, direct evidence is not necessary to prove proximate cause.[29] In *Wilmington Housing Authority v. Williamson*, the Delaware Supreme Court held that physical evidence of a dangerous condition, combined with witness testimony, may establish causation.[30]

Defendant argues that Plaintiffs cannot prove the parking lot's condition proximately caused decedent's fall. The Court concludes that, for purposes of summary judgment, Plaintiffs have presented evidence from which a jury could infer proximate cause. Defendant argues that because there was no one witnessed decedent's fall, Plaintiffs have not proffered *prima facie* evidence. However, proximate cause can be demonstrated by circumstantial evidence. Plaintiffs' evidence is in the form of expert testimony.[31]

Circumstantial evidence may lead to more than one possible inference. After considering all possible inferences, the factfinder must consider whether there is only one *reasonable* inference under the circumstances. The Court finds that Plaintiffs' evidence may permit a jury to find that the only reasonable

---

[29] *Wilmington Housing Authority v. Williamson*, 228 A.2d 782, 785 (Del. 1967).
[30] *Id.* at 785.
[31] *Suburban Propane Gas Corp. v. Papen*, 245 A.2d 795, 798 (Del. 1968)("In order to prove proximate causation by circumstantial evidence, it is necessary that such conclusion be the only reasonable inference possible from the proven circumstances…").

9

inference under the circumstances is that Defendant's negligence caused decedent's injuries and subsequent death.

## CONCLUSION

The Court finds that the physician is a medical expert under *Daubert*. The offered expert testimony is admissible under the *Daubert* factors. Therefore, Defendant's Motion to Exclude Opinions and Testimony of Dr. Ross M. Ufberg is hereby **DENIED**.

The Court finds that drawing all inferences in favor of the non-moving party, Plaintiff has established *prima facie* evidence of a dangerous condition. Plaintiff has provided circumstantial evidence sufficient to create a genuine issue of material fact regarding a dangerous condition, causation, and damages. Therefore, Defendant's Motion for Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston