# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE CUMBERLAND MUTUAL )
FIRE INSURANCE COMPANY, a/s/o )
AMANDA and SCOTT CLIPPINGER, )
                                   )
     Plaintiff, )
                                   )
       v. )     C.A. No. N23C-07-100 FWW
                                   )
BROAN-NUTONE, LLC and )
JAKEL MOTORS, INC., )
                                   )
     Defendants. )

Submitted: April 14, 2025
Decided: May 6, 2025

*Upon Plaintiff The Cumberland Mutual Fire Insurance Company a/s/o Amanda and Scott Clippinger's Motion for Reargument*
**DENIED**

## ORDER

David G. Culley, Esquire, TYBOUT REDFERN & PELL, Rockwood Office Park, 501 Carr Road, Suite 300, Wilmington, DE 19809, Attorney for Plaintiff The Cumberland Fire Insurance Company a/s/o Amanda and Scott Clippinger.

Brett D. Fallon, Esquire, Jaclyn C. Marasco, Esquire FAEGRE DRINKER BIDDLE & REATH, LLP, 222 Delaware Avenue, Suite 1410, Wilmington, DE 19801; Andrew G. Jackson, Esquire (*pro hac vice*), Hannah R. Anderson, Esquire (*pro hac vice*), Anthony F. Jankowski, Esquire (*pro hac vice*) FAEGRE DRINKER BIDDLE & REATH, LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55401, Attorneys for Defendants Broan-Nutone, LLC and Jakel Motors, Inc.

**WHARTON, J.**

This 6th day of May 2025 upon consideration of Plaintiff Cumberland Mutual Fire Insurance Company as subrogee of Amanda and Scott Clippinger's ("Cumberland") Motion for Reargument,[1] the Response in Opposition of Defendants Broan-Nutone, LLC ("Broan-Nutone") and Jakel Motors, Inc. ("Jakel") (collectively "Defendants"),[2] and the record in this case, it appears to the Court that:

1.  Cumberland alleges that a fire resulting in substantial damage to the home of Cumberland's insureds Amanda and Scott Clippinger ("Clippingers") was caused by the negligent design and/or manufacture of the fan manufactured by Defendants.[3]  As subrogee of the Clippingers, Cumberland seeks to recover the money it paid to them for damages caused by the fire.[4]

2.  On March 31st, the Court granted the Defendants' Motion for Summary Judgment.[5]  The Court concluded:

> [I]t is clear that, due to the technical and complex process of designing and manufacturing bathroom fans, Cumberland must provide expert testimony on the standard of care a manufacturer of bathroom fans must meet in order to determine whether the Defendants were negligent.  Cumberland must also provide expert testimony that the standard of care was breached.  The Court finds that it has failed to meet that burden.  Neither of Cumberland's experts addresses those issues.  At best

---

[1] Pl.'s Mot. for Rearg.. D.I. 79.

[2] Defs.' Resp., D.I. 80.

[3] Compl., D.I. 1.

[4] *Id.*

[5] *Cumberland Mutual Fire Insurance Company v. Broan-Nutone, LLC,* 2025 WL 1013540 (Del. Super. Ct. Mar. 31, 2025).

they establish the product was defective in causing the fire. But, a defective product does not establish negligence.[6]

The Court also found that all of the parties' four motions *in limine,* including Cumberland's Motion *in Limine* Requesting a Jury instruction on the Doctrine of *Res Ipsa Loquitor,* to be moot.[7]

3. On April 7th, Cumberland moved for Reargument under Superior Court Civil Rule 59(e).[8] Cumberland contends that the Court overlooked its separate contention that the doctrine of *res ipsa loquitor,* as argued in is motion for a jury instruction on that doctrine, would provide an alternative basis for it to prevail on its negligence claim and avoid summary judgment.[9] Cumberland argues that the facts here provide "an inference of negligence from the proof of the injury and surrounding circumstances" sufficient to warrant the application of the doctrine of *res ipsa loquitor.*[10]

4. The Defendants oppose the motion. They argue that Cumberland has failed to show that the Court overlooked controlling legal precedent or misapplied

---

[6] *Id. at* \*5.
[7] *Id.*
[8] Pl.'s Mot. for Rearg., D.I. 79.
[9] *Id.* at 3.
[10] Pl.'s Mot. for Rearg. at 4 (quoting *Dillon* at 1023-24), D.I. 60.

the law or facts of the case.[11]  But, even if the Court determines that reargument is appropriate, Cumberland has not demonstrated that *res ipsa loquitor* should apply.[12]

5.     Pursuant to Superior Court Civil Rule 59(e), a motion for reargument will be granted only if the Court has "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[13]  A motion for reargument is not an opportunity for a party to either rehash arguments already decided by the Court or present new arguments not previously raised.[14]  Therefore, to succeed on such a motion, the moving party has the burden of demonstrating the existence of newly discovered evidence, a change in the law, or manifest injustice.[15]

6.     In its decision granting the Defendants summary judgment the Court determined that, "[C]umberland must prove that the Defendants were negligent in manufacturing [the fan]. An ordinary juror lacks the technical and specialized knowledge of the design and manufacturing process to form a judgment as to whether the Defendants were negligent.  Expert testimony is necessary."[16]  Implicit

---

[11] Defs.' Resp. at 2-4, D.I. 70.
[12] *Id.* at 4-6.
[13] *Janeve Co., Inc. v. City of Wilmington*, 2009 WL 2386152, at *1 (Del. Super. July 24, 2009) (quoting *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008)).
[14] *See Reid*, 2008 WL 2943373, at *1 (citations omitted).
[15] *Id.*
[16] *Cumberland*, 2025 WL 1013540 at *3.

in that conclusion is a rejection of Cumberland's argument that *res ipsa loquitor* precluded summary judgment. The Court now makes that conclusion explicit.

7. Delaware Rule of Evidence 304(b) is the controlling rule of evidence for the application of *res ipsa loquitur*. Delaware Rule of Evidence 304(b) provides that *res ipsa loquitor* may apply when all of the following are present:

> (1) The accident must be one that in the ordinary course of events does not happen if those who have management and control use proper care;
>
> (2) The facts warrant an inference of negligence of such force as to call for an explanation or rebuttal from the defendant;
>
> (3) The thing or instrumentality that caused the injury must have been under the management or control (not necessarily exclusive) of the defendant or his servants at the time the negligence likely occurred; and
>
> (4) Where the injured person participated in the events leading up to the accident, the evidence must exclude his own conduct as a cause.[17]

8. In its motion for a *res ipsa loquitor* jury instruction, Cumberland maintains it has met all four conditions precedent.[18] Cumberland relies on three cases to make its point – *General Motors Corporation v. Dillon,*[19] *Moore v.*

---

[17] D.R.E. 304(b).
[18] Pl.'s Mot. for Jury instruction, D.I. 60.
[19] 367 A. 2d 1020 (Del. 1976).

*Anesthesia Services, P.A.,*[20] and *State Farm Fire & Casualty Co. v. The Middleby Corporation*[21] - all of which it cited in its jury instruction motion.

9.     In *Dillon,* the court was asked to invoke the doctrine of *res ipsa loquitur* where a vehicle's steering column collapsed but the plaintiff was unable to uncover any direct evidence of negligence. The court found:

> Dillon's evidence indicated that shortly after he turned a corner and proceeded up a residential street at a relatively slow speed at about 8:00 a.m. on a Sunday morning, and with no other traffic around, he sensed a 'popping' noise, the steering wheel seemed to move in his grasp, the car veered 90 degrees to the left and, as he learned upon coming to his senses after the impact, struck two parked cars on the far side of the street. He had no recollection of having shifted his foot from the accelerator to the brake. We feel that this sudden sequence of events occurring in the operation of a new automobile delivered only four days earlier is sufficient to lead reasonable persons to conclude that the injury to Dillon would not have occurred had there not been some operational defect in the vehicle and thus negligence on the part of the [defendants].[22]

Stated another way, in *Dillon,* a jury that accepted the plaintiff's factual evidence could reach a reasonable conclusion, based upon lay knowledge and common sense, that the litigated accident resulted from a relatively specific problem or defect (i.e.,

---

[20] 966 A. 830 (Del. Super. Ct. 2008).
[21] 2011 WL 1632341 (Del. Super. Ct. Apr. 12, 2011).
[22] *Dillon,* 367 A.2d 1023-24 (Del. 1976).

the collapse of the steering column ...) which would not have arisen in the absence of the defendants' negligence, and to which the plaintiff could not have contributed.[23]

10.     In *Moore,* the Plaintiff brought a products-liability action against the manufacturer of an allegedly defective suture and a negligence action against the doctor who used the suture.[24]  The court in *Moore* allowed the doctrine of *res ipsa loquitur* to be invoked in the products-liability action only if the other reasonable alternative for the injury (medical negligence by the doctor) was first discounted and found lacking by the jury.[25]  The court reasoned that the injury in *Moore* was not the type of event that normally happened without negligence and that the Plaintiff "plead a reasonable scenario in which there might have been a defect in [Defendant's] suture and ha[d] sufficiently shown th[e] Court he may, during the course of trial, be able to meet all the elements of the D.R.E. 304(b)."[26]

11.     The court in *State Farm,* where allegedly defective deep fryers were at issue, distinguished *Dillon* stating "[h]ere, by contrast, expert testimony would be necessary for lay jurors to conclude that the fires occurred because the fryers were defective or improperly installed."[27] The court further stated that while *Dillon* "illustrates situations where *res ipsa loquitur* can assist a plaintiff who is unable for

---

[23] *State Farm,* 2011 WL 1632341, at *7.
[24] *Moore,* 966 A.2d at 830.
[25] *Id.* at 841-42.
[26] *Id.* at 842.
[27] *State Farm,* 2011 WL 1632341, at *7.

reasons beyond his or her control to articulate precisely *how* a defendant was negligent, they are inapposite where the plaintiff cannot show that the circumstances warrant an inference that the defendant was negligent in the first instance."[28]

12.    The Defendants raise several objections in their response to the motion. They argue that Cumberland has failed to show that Court overlooked controlling legal precedent or misapprehended the facts of the case.[29]  Further, *res ipsa loquitor* does not apply in any event.[30]  In their response to Cumberland's jury instruction motion, they state, "It is a well-known fact that all electrical products and wiring carry a risk of fire" making it inappropriate to infer negligence merely because a fire occurred in an electrical product.[31]  Reasonable conclusions other than negligence by the Defendants might be drawn from the evidence.  For example, the Defendants note that the fan had been out of its control for over 20 years and that Cumberland had failed to demonstrate that the act of another could not have intervened to cause the injury.[32]  That period includes time when the Clippingers did not own the property and had no knowledge of any service, cleaning or maintenance of the fan.[33] The Defendants contend, the evidence suggests that the fan could have been altered

---

[28] *Id.*
[29] Defs.' Resp. at 2, D.I. 80.
[30] *Id.* at 4.
[31] Defs.' Resp. to Pl.'s Mot. *in Limine* for Jury Instruction at  3, D.I. 70.
[32] *Id.* at 4-5.
[33] *Id.* at 6-7.

because the fan was missing multiple parts when examined at the scene and in the laboratory.[34]

13.     *Res ipsa loquitur* is "'a rule of circumstantial evidence, not affecting the burden of proof, which permits, but does not require, the trier of facts to draw an inference of negligence from the happening of an accident.'"[35] "It is a fundamental rule that negligence of a defendant is never presumed from the mere fact of an injury."[36] Rather, "[i]n all cases the plaintiff must affirmatively prove negligence on the part of the defendant."[37] In order to invoke *res ipsa loquitur,* "[i]t is necessary that the conclusion of negligence be the only inference possible from the admitted circumstances."[38] "If, therefore, the proven circumstances are as consistent with the absence of negligence as with the existence of negligence, neither conclusion can be said to have been established by legitimate proof."[39] A *res ipsa loquitur* claim may not be submitted to the jury unless the evidence is clear no other logical reasonable

---

[34] *Id.* at 5.
[35] *Austin v. Happy Harry's, Inc.,* 2006 WL 3844076, at *3 (Del. Super. Ct. Nov. 27, 2006) (quoting D.R.E. 304(b).
[36] *Ciociola v. Del. Coca-Cola Bottling Co.,* 172 A. 2d 252, 257 (Del. 1961).
[37] *Id.*
[38] *Id.* at 257, 259.
[39] *Id.*

9

explanation for the event can be established.[40]  "*Res ipsa loquitor* is not available when the product is not in the defendant's control."[41]

14.    The parties dispute whether the fire was caused by the fan – Cumberland, through its expert Christopher Graham ("Graham"), argues it was,[42] while the Defendants, through their expert Thomas C. Wenzel ("Wenzel") maintain that the cause of the fire is undetermined - "There are too many unknown issues to be able to reach a determination of the cause of the fire to a reasonable degree of certainty."[43]  Since there is a dispute as to the cause of the fire, it cannot be said that negligence of the Defendants in designing and manufacturing the fan is the only possible inference from the circumstances.  Moreover, unlike in *Dillon* where the plaintiff's injuries were clearly the result of an operational defect in the steering column of the plaintiff's vehicle, the uncertainty as to the cause of the fire forecloses the conclusion that the fire could not have happened in the absence of the Defendants' negligence.  Further, unlike in *Moore*, it is not clear that the fan fire is necessarily the type of event that happens without design or manufacturing

---

[40] *See Wilson v. Derrickson,*175 A.2d 400, 402 (Del. 1961).  *See,  e.g., Drejka v. Hitchens Tire Serv. Inc.,* 14 A.3d 1221, 1225 (Del. 2010) (granting summary judgment in favor of defendants where "[t]he only evidence is that [defendant] inspected the wheels properly," and remarking that "[a] jury is not free to find a party negligent without evidence that the party failed to act with reasonable care.").
[41] *Miller v. Leidos, Inc.,* 2024 WL 4534135 at *5 (Del. Super. Ct. Oc. 21, 2024) (citing *Verizon v. Seck,* 2017 WL 4317257 (Del. Super. Ct. Sept. 27, 2017)).
[42] Pls.' Resp. to Defs.' Mot. for Summ. J. , Ex. B, D.I. 66.
[43] Defs.' Mot. for Summ. J., Ex. C, at 8, D.I. 61.

negligence. This case is more akin to *State Farm* where the Court held that expert testimony was necessary to show the fryers were negligently designed or installed. Here, the type of negligence alleged implicates the need for a benchmark standard of care in the design and manufacture of the fan. As the Court held in its summary judgment decision, Cumberland has offered no such evidence.

Multiple parts were missing from the fan after the fire.[44] In Wenzel's view, those parts should have survived the fire.[45] According to Wenzel, their absence admits of the possibility that "they had been altered, modified, replaced, damaged."[46] Cumberland argues that the fan could not have functioned without the missing parts, leading to the conclusion that they were consumed in the fire.[47] Whether Cumberland's surmise is correct the Court cannot say, but Wenzel's testimony that the parts should have survived the fire only reinforces the conclusion that negligence on the Defendants' part is not the only explanation for the fire.

Relatedly, the fan had not been in the Defendants' control for over 20 years. It appears that the Clippingers purchased their home in 2007.[48] They purchased it from Amanda Clippinger's parents who had lived there for five or six years and were

---

[44] Defs.' Resp. to Pl.'s Mot. in Limine for Jury Instruction at 7 (citing deposition testimony of Cumberland's expert Graham and Defendants' expert Wenzel), D.I. 70.
[45] *Id.* at Ex. C. 74:6-9.
[46] *Id.* at 74:18-21.
[47] Pl.'s Reply in Support of It's Mot. for Jury Instruction, at 7, D.I. 72.
[48] *Id.* Ex. D. at 28:13, D.I. 70.

second owners.[49] Amanda Clippinger has no knowledge of the installation of the fan or any servicing or maintenance to the fan prior to her parents buying the home.[50] That gap in accounting for the fan leaves open the possibility the fan was improperly installed, or altered, modified, damaged, or tampered with during that time, negating the applicability of *res ipsa loquitor*. The fact that the fan appeared to function properly until the fire is not dispositive. It simply is evidence that whatever the cause of the fire was, that cause had a period of latency.

Finally, there was another identical fan manufactured by the Defendants at or about the same time located in a different bathroom in the Clippingers' home. No fire was associated with that fan which, by all accounts, has functioned normally over the years. Why did one fan cause a fire and the other did not when they were designed and manufactured identically? How is it that, as Cumberland alleges, one fan was negligently designed and manufactured while an identical fan was not? In the Court's mind, these questions raise an inference that another reasonable explanation for the cause of the fire exists other than the Defendants' negligence.

Taken together, all of these factors satisfy the Court that Cumberland has failed to "demonstrate that no act of another could have intervened to cause the injury or that the instrumentality causing the injury was not tampered with after it

---

[49] *Id.* at 28:19-24.
[50] *Id.* at 44:13-45:9.

left the defendant's possession."[51]  Accordingly, the Court finds it has not overlooked controlling precedent or legal principles or misapprehended the law or facts such as would have changed the outcome of the Court's summary judgment decision.

**THEREFORE,** Plaintiff's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[51] *Skipper v. Royal Crown Bottling Co. of Wilmington,* 192 A.2d 910, 912 (Del. 1963).